# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| S.C., by her parent and next friend KARRIE CONLEY; K.C., by her parent and next friend KARRIE CONLEY; and R.H., by his parent and next friend MICHELE HUDAK, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Case No. 1:25-cv-10007 |
| v. | |
| LUCY CALKINS; IRENE FOUNTAS; GAY SU PINNELL; RWPN, LLC, d/b/a THE READING & WRITING PROJECT AT MOSSFLOWER, LLC; BOARD OF TRUSTEES OF TEACHERS COLLEGE, COLUMBIA UNIVERSITY; FOUNTAS AND PINNELL, LLC; GREENWOOD PUBLISHING GROUP, LLC, d/b/a HEINEMANN PUBLISHING; and HMH EDUCATION CO., | |
| Defendants. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Lucy Calkins, Irene Fountas, Gay Su Pinnell, RWPN, LLC (d/b/a The Reading & Writing Project at Mossflower, LLC), Fountas and Pinnell, LLC, Greenwood Publishing Group, LLC (d/b/a Heinemann Publishing), and HMH Education Company, (collectively, the "Defendants") give notice of removal of this action from the Massachusetts Superior Court to the United States District Court for the District of Massachusetts.

Removal is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (1) the putative class includes at least 100 members, (2) the asserted amount in

controversy, based on the allegations and requested relief, exceeds $5 million, and (3) at least one class member has a different state citizenship from a defendant.

In support of this Notice of Removal, Defendants state:

1. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the State Court Action (defined below) was brought in Suffolk County, which is encompassed by this District and Division of this Court.

2. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2).

3. This notice is timely under 28 U.S.C. § 1446(b), coming fewer than 30 days after receipt of the initial pleadings by Defendants which occurred on December 4, 2024.[1]

## THE STATE COURT ACTION

4. On December 4, 2024, Plaintiffs, S.C. and K.C., by their parent and next friend Karrie Conley, and R.H., by his parent and next friend Michelle Hudak, (collectively, the "Plaintiffs"), filed a complaint in Massachusetts Superior Court on behalf of themselves and all others similarly situated (the "Complaint," and with respect to the case generally, the "State Court Action").

5. The Complaint asserts, on behalf of a putative class, claims against Defendants for allegedly "engag[ing] in unfair and deceptive practices in Massachusetts in the conduct of trade or commerce in violation of G.L. c. 93A § 2," and allegedly "breach[ing] [Defendants'] duties to exercise reasonable care or competence by falsely and deceptively marketing their [literacy] products" (the "Claims"). Compl. ¶¶ 75–81, ¶¶ 82–88.

---

[1] Defendants were provided with the summons on December 20, 2024. Defendants except Fountas and Pinnell, LLC formally accepted service on December 20, 2024, and Fountas and Pinnell, LLC formally accepted service on December 30, 2024.

6. All copies of process, pleadings, and orders served upon the defendants are attached as Exhibit A pursuant to 28 U.S.C. § 1446(a).

7. The State Court Action was brought on behalf of a putative class of members. Compl. ¶¶ 6, 68–74.[2]

8. The Complaint in the State Court Action does not plead "the precise number of class members," but defines the class to include "all children and parents and/or legal guardians of children currently or previously enrolled in kindergarten, first, second, or third grade in a Massachusetts elementary school that purchased, licensed, reproduced, or otherwise employed any Heinemann or HMH early-literacy products marketed under the Fountas & Pinnell, Units of Study, Teachers College Reading & Writing Project, or Reading & Writing Project at Mossflower trade names." Compl. ¶¶ 69–70. The Complaint also states that the "individuals in the Class are so numerous that joinder of all members is impractical." *Id.* at ¶ 70.

9. The Complaint in the State Court Action does not plead an amount in controversy or specific damages expected or sought, but it does state that "Defendants' lifetime revenues from their direct and indirect sales to Massachusetts schools have exceeded many millions of dollars." Compl. ¶ 78.

10. The State Court Action seeks compensatory and punitive damages, along with attorneys' fees and injunctive relief, for alleged "harms" caused by "Defendants' ineffective and

---

[2] Defendants make no admission of any fact or the existence of any class, injury, or liability for any defendant. Defendants recite the allegations in the State Court Action Complaint for purposes of removal only. For example, any quantification of plaintiffs' alleged damages for purposes of removal is not an admission or concession that those damages exist or will be proven. *See Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.")).

harmful curricula," including the "costs associated with any tutoring, supplemental reading materials, or other out-of-pocket costs." Compl. at 23 (Prayer for Relief).

11. Plaintiffs S.C. and K.C., the minor children of Karrie Conley, reside in Massachusetts. Compl. ¶ 16.

12. Plaintiff R.H., the minor child of Michele Hudak, resides in Massachusetts. Compl. ¶ 17.

13. Defendant Lucy Calkins resides in Connecticut. Compl. ¶ 8.

14. Defendant RWPN, LLC (d/b/a The Reading and Writing Project) is a limited liability company with its principal place of business in Connecticut. Compl. ¶ 9.

15. Defendant Irene Fountas resides in Massachusetts. Compl. ¶ 10.

16. Defendant Gay Su Pinnell resides in Ohio. Compl. ¶ 11.

17. Defendant Fountas and Pinnell, LLC is a limited liability company with its principal place of business in Ohio. Compl. ¶ 12.

18. Defendant HMH Education Company is a Massachusetts corporation. Compl. ¶ 13.

19. Defendant Greenwood Publishing Group, LLC (d/b/a Heinemann Publishing) ("Heinemann") is a limited liability company with its principal place of business in New Hampshire. Compl. ¶ 14.

20. Defendant the Board of Trustees of Teachers College, Columbia University is a body charged with managing, controlling, and governing Teachers College, Columbia University, a private, non-profit graduate school with its principal place of business in New York. Compl. ¶ 15.

21. Defendants have not filed any responsive pleading in the State Court Action, or in any other state court action arising from the Chapter 93A and negligence claims asserted in the Complaint. Defendants received the Complaint on December 4, 2024 and received the summons on December 20, 2024. Defendants except Fountas and Pinnell, LLC formally accepted service on December 20, 2024, and Fountas and Pinnell, LLC formally accepted service on December 30, 2024.

## BASIS FOR REMOVAL

22. This Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) and § 1332(d)(5)(B) because (1) there are at least 100 members of the putative class, (2) the amount in controversy exceeds the sum or value of $5 million, exclusive of interests and costs, and (3) at least one member of the putative class is a citizen of a State different from that of any defendant.

23. Removal of this class action is proper under 28 U.S.C. § 1453.

24. "CAFA was enacted with the stated purpose of expanding the number of class actions that could be heard in federal court." *Pazol v. Tough Mudder Inc.*, 819 F.3d 548, 552 (1st Cir. 2016). Accordingly, no antiremoval presumption applies. *Dart Cherokee Basin Operating Co.*, 574 U.S. 81, 89 (1st Cir. 2014); *Massachusetts v. Exxon Mobil Corp.*, 462 F. Supp. 3d 31, 38 (D. Mass. 2020) ("When removal is based on class action . . . no presumption against removal applies.").

25. Defendants have the minimal burden of establishing the statutory jurisdictional requirements under CAFA. *See Amoche*, 556 F.3d at 48.

26. ***More than 100 class members.*** For original jurisdiction to exist under CAFA, the "number of members of all proposed plaintiff classes in the aggregate" must total at least 100. 28 U.S.C. § 1332(d)(5)(B).

27. The State Court Action defines the class as "*all* children and parents and/or legal guardians of children *currently or previously enrolled in kindergarten first, second, or third grade in a Massachusetts elementary school* that purchased, licensed, reproduced, or otherwise employed any Heinemann or HMH early-literacy products . . . ." Compl. ¶ 69 (emphasis added).

28. Based on the putative class definition, which includes former and current students enrolled in all Massachusetts elementary schools for multiple grade levels who used the accused literacy curricula, the proposed class includes well over 100 members, meeting this CAFA requirement.[3]

29. ***Amount in controversy***. For original jurisdiction to exist under CAFA, the amount in controversy must "exceed[] the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2). Claims of all members of the putative class are aggregated to determine the amount in controversy. 28 U.S.C. § 1332(d)(6).

30. The State Court Action seeks to impose liability for potentially tens of thousands of individuals. Compl. ¶ 69 (defining class); *id*. at 23 (Prayer for Relief).

31. The alleged damages include compensatory damages allegedly incurred by all class members, "to redress the harms caused to and expenditures incurred by Plaintiffs and the Class

---

[3]   Although Plaintiffs allege that "the precise number of class members cannot yet be determined," they nevertheless acknowledge that "[a]ccording to the U.S. Department of Education's National Center for Education Statistics, Massachusetts enrolled 926,100 students in its public elementary and secondary schools during the 2023-24 school year." Compl. ¶ 70. Even presuming that only 1% of these students (i.e., nearly 10,000 just for that year) used the accused literacy curricula, the CAFA class member threshold would be satisfied. This is particularly evident given that the putative class extends to students "who reached (or will reach) the age of majority on or after December 4, 2020," Compl. ¶ 69, which includes students from as many as seventeen different school years, as an individual reaching the age of majority in 2020 could have been in kindergarten as early as the 2006–2007 school year.

Members . . . including the costs associated with any tutoring, supplemental reading materials, or other out-of-pocket costs."[4]  Compl. at 23.

33. Given the amount of alleged compensatory damages that Plaintiffs seek on behalf of the putative class, the State Court Action contemplates relief in excess of $5 million should the putative class obtain its full requested relief. *See Dart Cherokee Basin*, 574 U.S. at 89 (notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"); *Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1, 4 (1st Cir. 1995) ("[I]t has long been the rule that a court decides the amount in controversy from the face of the complaint.").

33. The availability of double or treble damages must also be considered when determining the amount in controversy. 28 U.S.C. § 1332(d)(6) (excluding only "interest and costs" from the claims that must be "aggregated to determine" amount in controversy); *see also Lee v. Conagra Brands, Inc.*, 958 F.3d 70, 75 (1st Cir. 2020) (considering the potential for treble damages under Chapter 93A to find that the amount in controversy jurisdictional threshold was satisfied).

34. The State Court Action seeks punitive and treble damages on behalf of a putative class that potentially consists of tens of thousands of individuals.[5]  Compl. at 23. Without any admission or concession (*see supra* note 2) by Defendants, the possibility of an award of treble

---

[4]  Plaintiffs, K.C. and S.C.'s alleged expenditures to redress the harms purportedly sustained from the accused literacy curricula include the cost of attending private school and year-round tutoring for multiple school years.  Compl. ¶¶ 65, 66.

[5]  While not relevant for purposes of this notice of removal, Plaintiffs are not entitled to "punitive and treble damages," Compl. at 23, because Chapter 93A does not provide for both punitive and treble damages and "[u]nder Massachusetts law, punitive damages may be awarded only where authorized by statute." *Aleo v. SLB Toys USA, Inc.*, 466 Mass. 398, 412 (2013).

damages, on top of the above-described compensatory damages, reflects an amount in controversy exceeding $5 million.

35. Attorneys' fees are typically excluded from an assessment of the amount-in-controversy, **except** "when a statute mandates or allows payment of the fees." *Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001). Massachusetts's Chapter 93A is such a statute, and therefore prospective attorneys' fees are considered for the purpose of calculating the amount in controversy under CAFA. *See* Mass. G.L. c. 93A § 9(3A) ("damages may include double or treble damages, attorneys' fees and costs, as herein provided"); *see also Spielman,* 251 F.3d at 7 ("Chapter 93A of the Massachusetts Consumer Protection Act allows plaintiffs to collect attorney's fees as part of their damages.")

36. In consideration of the potentially tens of thousands of members of the putative class in conjunction with the demands for compensatory, punitive and treble damages, along with prospective attorneys' fees, Defendants have demonstrated it is more likely than not that—based on Plaintiffs' allegations—that the amount in controversy exceeds $5 million.

37. *Minimal Diversity*. Under CAFA, parties need only show minimal diversity. *See Dart Cherokee Basin*, 574 U.S. at 84–85. Sufficient diversity exists if *any* member of a proposed class is a citizen of a State different from *any* defendant. 28 U.S.C. § 1332(d)(2)(A); *see also McMorris v. TJX Companies, Inc.,* 493 F. Supp. 2d 158, 164 (D. Mass. 2007) ("minimal diversity is enough to satisfy . . . the requirements of CAFA").

38. According to the allegations in the State Court Action, each named Plaintiff is a Massachusetts citizen. Compl. ¶¶ 16–17 (noting that the named plaintiffs are "resident[s]" of Massachusetts and attend public schools in the state); *see also Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 366 (1st Cir. 2001) (defining citizenship in terms of where an individual is domiciled,

i.e., "the place where [an individual] has his [or her] true, fixed home and principal establishment, and to which, whenever he [or she] is absent, he [or she] has the intention of returning") (citation omitted).

39. The allegations also correctly state that Defendant Lucy Calkins resides in Connecticut, Compl. ¶ 8, and that Defendant Gay Su Pinnell resides in Ohio, Compl. ¶ 11. Accordingly, both Ms. Calkins and Ms. Pinnell are citizens of a State other than Massachusetts.

40. Under 28 U.S.C. § 1332(d)(10), "[f]or purposes of [CAFA], an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see also Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 40–41 (1st Cir. 2016) ("[F]ederal courts must employ 'the nerve center' test to determine the location of a corporation's principal place of business," which "points courts in a single direction, towards the center of overall direction, control, and coordination.") (citation omitted); *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 700 (4th Cir. 2010) ("[F]or purposes of determining subject matter jurisdiction under [CAFA], a limited liability company is an 'unincorporated association' as that term is used in 28 U.S.C. § 1332(d)(10) and therefore is a citizen of the State under whose laws it is organized and the State where it has its principal place of business."); *Glazebrook v Chobani, LLC*, 619 F. Supp. 3d 231, 232 n.1 (D. Mass. 2022) (same).

41. Defendant RWPN, LLC (d/b/a The Reading and Writing Project)'s principal place of business is in Connecticut. Compl. ¶ 9.

42. Defendant Fountas and Pinnell, LLC's principal place of business is in Ohio. Compl. ¶ 12.

43.     Defendant Greenwood Publishing Group, LLC (d/b/a Heinemann Publishing)'s principal place of business is in New Hampshire. Compl. ¶ 14.

44.     Because at least one Defendant is a citizen of a State different from the Plaintiffs, minimal diversity exists for CAFA jurisdiction.

## CONCLUSION

45.     For the reasons stated above, the State Court Action is removable under CAFA. 28 U.S.C. §§ 1332 & 1441.

46.     Defendants request that this Court issue such orders and process as necessary to preserve its jurisdiction over this action.

47.     Counsel for Defendants certify, pursuant to 28 U.S.C. §§ 1446(d) and 1453, that Defendants will promptly file a copy of this Notice with the clerk of the Massachusetts Superior Court, and written notice is being provided to all other parties.

WHEREFORE, the above-described action pending in the Massachusetts Superior Court in the Commonwealth of Massachusetts is hereby removed to the United States District Court for the District of Massachusetts.

Dated: January 2, 2025                    Respectfully submitted,

/s/ Felicia H. Ellsworth
FELICIA H. ELLSWORTH (BBO # 665232)
ANDY O'LAUGHLIN (BBO # 691836)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
Felicia.Ellsworth@wilmerhale.com
Andy.Olaughlin@wilmerhale.com
*Counsel for Greenwood Publishing Group, LLC; HMH Education Co.*

/s/ David Thomas
DAVID THOMAS (BBO # 640854)
GREENBERG TRAURIG, LLP
1 International Pl #2000
Boston, MA 02110
Tel: (617) 310-6040
Fax: (617) 897-0940
David.Thomas@gtlaw.com
*Counsel for RWPN, LLC;*
*Lucy Calkins in her personal capacity*

/s/ Javier F. Flores
JAVIER F. FLORES (BBO # 666089)
DINSMORE & SHOL, LLP
101 Arch Street, Suite 1800
Boston, MA 02110
Tel: (857) 305-6383
Fax: (857) 305-6401
Javier.Flores@dinsmore.com
*Counsel for Fountas and Pinnell, LLC;*
*Irene C. Fountas in her personal capacity;*
*Gay Su Pinnell in her personal capacity*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 2nd day of January, 2025 the foregoing was electronically filed with the Clerk of Court using the Court's electronic filing system, and that a copy of the forgoing was served on Plaintiffs' counsel of record via electronic mail as well as certified mail.

                                              */s/ Felicia H. Ellsworth*
                                              Felicia H. Ellsworth