# EXHIBIT

# A

## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, ss.**

**SUPERIOR COURT
CIVIL ACTION NO.:**

kg

S.C., by her parent and next friend KARRIE CONLEY;
K.C., by her parent and next friend KARRIE CONLEY;
and R.H., by his parent and next friend MICHELE
HUDAK, on behalf of themselves and all others similarly
situated,

Plaintiffs,

v.

LUCY CALKINS; IRENE FOUNTAS; GAY SU
PINNELL; RWPN, LLC, d/b/a THE READING &
WRITING PROJECT AT MOSSFLOWER, LLC;
BOARD OF TRUSTEES OF TEACHERS COLLEGE,
COLUMBIA UNIVERSITY; FOUNTAS AND
PINNELL, LLC; GREENWOOD PUBLISHING
GROUP, LLC, d/b/a HEINEMANN PUBLISHING; and
HMH EDUCATION CO.,

Defendants.

**CLASS-ACTION
COMPLAINT
AND JURY DEMAND**

## INTRODUCTION

1.      Plaintiffs bring this case in response to the deceptive and fraudulent marketing and sale of products and services which are undermining a fundamental social good: literacy.

2.      For more than half a century, it has been widely understood that systematic and explicit phonemic awareness and phonics instruction are critical to success in learning to read. As the National Reading Panel commissioned by Congress in 1997 confirmed, all credible education and literacy research shows that daily phonics instruction is necessary for literacy success.

3.      Ignoring that scientific consensus, Defendants—the creators, publishers, and promoters of reading curricula and related services—peddled a raft of products and curricula that

sought to diminish and even exclude systematic and daily phonics instruction. Defendants denigrated phonics at worst and paid mere lip service to phonics at best. In all events, Defendants failed to warn parents or school districts that their alleged literacy training products did not include meaningful phonics instruction, the one thing essential to literacy success.

4.      Defendants claimed that their literacy offerings were backed by or grounded in "research." But the research is overwhelmingly to the contrary. Indeed, the few studies that Defendants have cited in support of their approaches are unreliable, methodologically flawed, and lack sound theoretical or empirical foundations. Defendants likewise attempted to boost their credibility by selling literacy assessments created to "validate" their own products. But those assessments measured a child's ability to read about as accurately as a coinflip.

5.      For years, Defendants hawked their defective goods and services to school districts throughout the country, including throughout the Commonwealth of Massachusetts. This fraudulent and deceptive campaign has had devastating consequences. In 2023, for example, less than *half* of all Massachusetts third graders satisfied the Commonwealth's expectations for performance on the Massachusetts Comprehensive Assessment System English Language Arts exam. Students from minority groups or with learning disabilities fared even worse. Along with the direct impacts on children, families across the Commonwealth have scurried to procure remedial literacy instruction, the cost of which is out of reach for many. Even when families can afford remedial support, it often comes too late, sabotaging children's educational development, career prospects, and fundamental sense of self-worth.

6.      Accordingly, Plaintiffs, on behalf of themselves and a class of students injured in Massachusetts by Defendants' deceptively marketed and defective early-literacy products, sue to

obtain long overdue accountability, remedy the harms from Defendants' conduct, and secure immediate relief.

## PARTIES

*a.      Defendants: Creators and Publishers of Early-Literacy Products*

7.      Since the mid-1990s, Defendants have marketed and sold an array of early-literacy products—including teacher training courses, curricula, assessment testing products, and basal readers—to thousands of school districts across the country and the Commonwealth.

8.      Defendant Lucy Calkins is the Robinson Professor in Children's Literature at Teachers College, Columbia University and the creator of the *Units of Study* curriculum discussed below. Upon information and belief, Defendant Calkins is a resident of Connecticut.

9.      Defendant RWPN LLC, d/b/a The Reading & Writing Project at Mossflower, LLC ("Mossflower"), is a Connecticut limited liability corporation with its principal place of business at 125 Strathmore Road, Middlebury, CT 06762. Mossflower is affiliated with Defendant Calkins, who founded the company in or around 2023.

10.     Defendant Irene Fountas is the Marie M. Clay Endowed Chair in Early Literacy and Reading Recovery at Lesley University and one of the creators of the *Fountas & Pinnell Classroom* curriculum, *Leveled Learning Intervention*, and *Fountas & Pinnell Benchmark Assessment System*, all discussed below. Upon information and belief, Defendant Fountas is a resident of Massachusetts.

11.     Defendant Gay Su Pinnell is Professor Emerita in the School of Teaching and Learning at The Ohio State University and one of the creators of the *Fountas & Pinnell Classroom* curriculum, *Leveled Learning Intervention*, and *Fountas & Pinnell Benchmark Assessment System*. Upon information and belief, Defendant Pinnell is a resident of Ohio.

12.     Defendant Fountas and Pinnell, LLC ("F&P LLC"), is an Ohio limited liability corporation with its principal place of business in Columbus, Ohio.

13.     Defendant HMH Education Company ("HMH") is a Massachusetts corporation with its principal place of business at 125 High Street, Boston, MA 02110.

14.     Defendant Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing ("Heinemann"), is a wholly owned subsidary of HMH with its principal place of business in Portsmouth, New Hampshire. Heinemann publishes and markets *Units of Study*, *Fountas & Pinnell Classroom*, *Leveled Literacy Intervention*, and the *Fountas & Pinnell Benchmark Assessment System*.

15.     Defendant Board of Trustees of Teachers College, Columbia University, is a body charged with managing, controlling, and governing Teachers College, Columbia University, a private, non-profit graduate school organized under New York law with its principal place of business at 525 West 120th Street, New York, NY 10027.

*b.   Plaintiffs: Parents and Children Exposed to Defendants' Defective Products*

16.     Plaintiffs S.C. and K.C. are the minor children of Plaintiff Karrie Conley and residents of Boxborough, Massachusetts. S.C. and K.C. attended public schools in Acton-Boxborough and Sandwich and thus were exposed to Defendants' products. As a result of Defendants' misconduct, S.C. and K.C. have suffered a variety of developmental, emotional, and financial injuries shared and borne by Karrie Conley.

17.     Plaintiff R.H. is the minor child of Plaintiff Michele Hudak and a resident of Ashland, Massachusetts. R.H. attended public schools in Ashland and received reading instruction and assessments using Defendants' defective products. As a result of Defendants' misconduct,

R.H. has suffered a variety of developmental and emotional injuries, and financial injuries shared and borne by Michele Hudak.

## JURISDICTION

18.     This Court has subject-matter jurisdiction under Mass. G.L. c. 212, § 4.

19.     This Court has personal jurisdiction under Mass. G.L. c. 223A, §§ 2–3.

20.     Venue is proper in Suffolk County under Mass. G.L. c. 223, § 4.

## FACTUAL ALLEGATIONS

**I.     THE LONG-SETTLED CONSENSUS REGARDING SYSTEMATIC PHONICS INSTRUCTION.**

21.     Literacy—the ability to read—is the foundation of early-childhood education. Accordingly, educators in kindergarten, first-grade, and second-grade classrooms have long focused much of their efforts and classroom time on reading, understanding that their students' success in later grades will depend in large part on their continued ability to read at grade level. As described colloquially, between kindergarten and second grade, the focus is on "learning to read." From third grade onward, children "read to learn."

22.     Even though literacy is critically important, the building blocks of effective early-literacy instruction are well-known and straightforward. For decades, scientists and educators have understood that the first step in teaching literacy is robust, daily, and extensive instruction in phonics.

23.     Phonics is about understanding the connection between how the written letters on the page (the graphemes) relate to the corresponding spoken sounds (the phonemes) of a word. The basics of phonics will be familiar to most people who have or had small children, or who remember being taught to read in school.

24.     A student learning to read the word *cat*, for example, is taught to "sound out" the word by breaking down the three graphemes (letters) into their phonemic components: the sounds

c-, *a*-, and -*t*. With proper instruction in how to use that "sounding out" tool, the student learns to blend the distinct sounds into a single word—"cat"—and to recognize the same grapheme/phoneme correspondence in similar words (*e.g.*, r*at* or h*at*). Eventually, the decoding and blending process becomes second nature, enabling the student to read new and complex words, and setting the stage for more advanced reading, writing, and comprehension.

25.     The importance of systematic phonics instruction in literacy education is common sense, but it is also backed by decades of robust science. Since at least the 1960s, this research has revealed strong correlative and causal relationships between systematic phonics instruction and reading success. Researchers have conducted correlative and experimental study after study confirming that phonemic awareness and letter knowledge best predict how well children will learn to read during the first two years of elementary instruction. That science is not in dispute.

26.     In 1997, Congress convened a National Reading Panel to study American early-literacy instruction. The Panel published its findings in 2000. Relying on the robust body of research just discussed, the Panel concluded that "teaching children to manipulate phonemes in words was highly effective under a variety of teaching conditions with a variety of learners across a range of grade and age levels." It also concluded that teaching phonics to children "significantly improves their reading more than instruction that lacks any attention to [phonemic awareness]."

27.     In particular, the National Reading Panel cited 38 studies testing the efficacy of phonics instruction on literacy outcomes. These studies showed that systematic phonics instruction gave children a faster start in learning to read; improved kindergarten and first-grade students' word recognition, spelling skills, and reading comprehension; improved second-grade and older struggling students' word recognition skills; and convincingly outperformed other approaches in which teachers were expected to improvise phonics instruction as needed.

28.     Soon after the National Reading Panel released its report, other English-speaking countries, including Australia (2005) and the United Kingdom (2006), came to the same conclusions. And many other studies subsequently replicated or confirmed the same findings, including research showing a neurological basis for the importance of letter-sound relationships.

29.     Other research has shown that structured, repetitive, and continuous phonics lessons are particularly important for certain sizeable populations of students for whom learning to read may be particularly challenging. This includes students with learning differences, like dyslexia; students learning English as a second language; and students whose backgrounds provide less exposure to reading and writing. Indeed, research has shown that a "structured literacy" approach that teaches phonics systematically has been shown to help re-code a brain predisposed to certain learning differences often connected to literacy delays.

## II.     DEFENDANTS IGNORED THE CRUCIAL ROLE OF SYSTEMATIC PHONICS INSTRUCTION.

30.     Ignoring this expert and research consensus about the essential role systematic phonics instruction plays in successful literacy education, Defendants published a raft of early-childhood literacy products—such as curricula, teacher trainings, and alleged literacy assessment tests—that pay lip service to phonics at best and ignore phonics completely at worst. Commentators have thus described Defendants' approach as "vibes-based literacy."

31.     In the 1990s, Defendants Fountas and Pinnell began developing a system of "graded" or "leveled" early-literacy reading courses based on the discredited theories of an early-literacy researcher named Marie Clay. Fountas and Pinnell named their system "Guided Reading." Their flagship product, *Fountas & Pinnell Classroom*, is published by Defendant Heinemann, a subsidiary of Defendant HMH. Heinemann and HMH also offer a supplemental program, *Fountas & Pinnell Leveled Literacy Intervention*, advertised to be targeted for children who struggle with

reading and writing. Both products are designed around the "F&P Text Level Gradient," a proprietary scheme that assigns reading materials an A-to-Z grade depending on level of difficulty.

32.     Defendant Calkins, a self-proclaimed writing specialist at Columbia University's Teachers College, developed her own early-literacy curriculum, *Units of Study*, in the early 2000s. *Units of Study* is also published by Heinemann. Like Fountas and Pinnell, Calkins' early-literacy reading and writing textbooks and workshops drew heavily on Marie Clay's theories.

33.     Using Calkins' university's brand cachet, Heinemann badged all of Calkins' *Units of Study* publications until 2023 with Columbia's imprimatur, branding her products as the work of the "Teachers College Research & Writing Project."

34.     *Classroom*, *Leveled Literacy Intervention*, and *Units of Study* all omitted structured phonics instruction. From inception, this was a feature of Heinemann's early-literacy product line, not a bug. The products did not put phonics at the center, or even to the side of, their curriculum. Many of their mainstream products did not include phonics at all.

35.     Throughout the 1990s and 2000s, Heinemann published a series of anti-phonics monographs that cast proponents of a scientifically grounded and research-backed method of reading instruction—phonics—as dangerous tools of both the political left and the political right. In titles like *Unspeakable Acts, Unnatural Practices: Flaws and Fallacies in "Scientific" Reading Instruction* and *Big Brother and the National Reading Curriculum*, Heinemann's authors contended that "[s]ystematic phonics is destined to fail as a method of teaching reading, and will make learning to read more difficult for many children," that "[p]honemic awareness is a spurious concept," and that instruction in both subjects was "the thin end of a wedge to bring about radical changes of education."

36.     Other Defendants echoed Heinemann's high-pitched anti-phonics propaganda in their own marketing materials. In 2019, for instance, Teachers College published a post on its website evidently intended to discourage teachers from providing phonics instruction: "Every minute [teachers] spend teaching phonics (or preparing phonics materials to use in your lessons) is less time spent teaching other things."

37.     Defendants' ideological aversion to phonics instruction carried over to their early-literacy products. In place of a curriculum that prioritized daily and systematic phonics instruction, Defendants' products offered only brief "minilessons" (*i.e.*, actual reading instruction) followed by large amounts of shared reading (in which the teacher reads aloud to students and asks questions about the text), guided reading (in which students select texts to read on their own and then discuss with the teacher), and independent reading. Cozy as these independent-reading sessions may sound, none of them include systematic instruction or practice with the phonetic tools that undisputed research long has shown allows children to learn to read.

38.     Another key component of *Classroom/Leveled Literacy Intervention* and *Units of Study* are so-called "cueing" methods, which purport to teach children to use pictures and syntax—rather than visual information from letters—to identify unfamiliar words. For example, a teacher may project a sentence and an associated picture onto a screen and read aloud. When the teacher comes to a word covered with a sticky note, the teacher prompts the students: "What could this word be? Let's look at the picture." If the student happens to predict the word based on context, the student is considered to have "read" the sentence successfully—even if, as is often the case, the student cannot read the word and would not recognize it in another context.

39.     Cueing methods have been roundly criticized for teaching children to guess rather than read. Critics have explained that cueing teaches kids "to read like poor readers rather than

good readers." Indeed, even if children can fake the ability to read using cueing or other guessing techniques in the first few years of school, those strategies leave them unequipped when they reach higher grade levels. Thanks to Defendants' success in selling their defective products, it is now common for teachers to see cohorts of third, fourth, or fifth graders who—despite having received alleged literacy instruction in earlier class years—do not actually know how to read.

40.     Worse yet, Defendants repeatedly touted their materials as supported by "studies" and "data." For example, Defendants marketed their curricula as "research-backed," based on "intensive research, testing, and experience," providing "data-based" and "standards-based instruction," and based on "volume[s] of research" and a "gold-standard" study that prove the "efficacy and value" of their approach.

41.     Upon information and belief, however, Defendants conducted no rigorous research and collected no data (as opposed to anecdotes from adherents) to support their methodologies until the early 2020s.  Indeed, in January 2021, the American Institutes for Research confirmed that the products sold by Teachers College had "*never been subjected to a rigorous evaluation* in which the reading achievement of schools implementing [Teachers College] is compared with that of non-[Teachers College] schools." Ironically, Defendants have pointed to the American Institutes for Research study—and a small number of other, mostly recent studies (some funded by Heinemann)—as proof of the efficacy of their methods, even though all of these studies suffer from glaring methodological, theoretical, and other flaws that wholly undermine that conclusion.

## III.    DEFENDANTS' PRODUCTS AND CURRICULA FAILED TO TEACH CHILDREN TO READ.

42.     For years, Defendants raked in massive profits from selling their alleged literacy products to school districts throughout the country, including in the Commonwealth. When Defendants' literacy curricula finally were subjected to rigorous research and testing, though, the results were damning.

43.     For example, the *Fountas & Pinnell Benchmark Assessment System* ("BAS"), published and sold by Heinemann since 2007, is marketed as a means of testing whether children are at "grade-level" through a half-hour oral reading exercise using Fountas & Pinnell's graded-reading materials. As with *Classroom*, *Leveled Literacy Intervention*, and *Units of Study*, Heinemann and Fountas & Pinnell touted the BAS as "based on empirical research" and a "reliable and valid measure[] for assessing students' reading levels." Despite Defendants' representations that the BAS was "research-based," however, no peer-reviewed study of the BAS's efficacy was conducted until 2015.

44.     That year, University of Florida researchers found that the BAS was able to distinguish between proficient and struggling second- and third-grade readers only half the time. As Dr. Matthew Burns, the study's lead author, later explained, "I could buy this test, train all my teachers to give it, take about 30 minutes per kid. Or [I could] just have a teacher flip a coin for every kid, and they'll get it right just as often." The study found that the BAS was even *less* accurate when it came to identifying struggling readers—correctly detecting only 31% of those who needed intensive supplemental instruction. Dr. Burns characterized BAS's performance in this regard as "shocking . . . quite literally the lowest [he had] ever seen." For struggling readers, flipping a coin would more accurately assess their reading performance.

45.     A few years later, Calkins' *Units of Study* was subjected to rigorous scrutiny. Seven leading early-literacy scholars, developmental psychologists, and neuroscientists assembled by the non-profit Student Achievement Partners issued a report concluding that *Units of Study* did not devote enough time to phonics instruction. The report found this omission "particularly dire for students who might not immediately master [phonics] patterns or read fluently"—in other words, for the very students who needed effective literacy instruction and intervention the most. The

Student Achievement Partners report also found that the negative impact of *Units of Study* was "most severe for children who do not come to school already possessing what they need to know to make sense of written and academic English." As the authors explained:

> [T]eachers working in schools where students historically struggle with reading will be highly challenged to differentiate their instruction to meet the needs of the majority of students because the program does not provide them adequate groundwork. Therefore, the program is unlikely to bring all students to reading proficiency.

46.     Rather than addressing the obvious and damaging defects in her product, Calkins rushed to sweep the Student Achievement Partners report under the rug. She emailed thousands of individuals at client schools to warn them of the report's release, stating, "I anticipate that this [study] could create problems for some of you." She also tried to encourage her clients to avoid drawing scrutiny to her methods. As she wrote, "If the report happens to go under the radar, let's let it stay there—be forewarned, but don't amplify it by sharing."

47.     In 2021, EdReports, a leading nonprofit organization that reviews K-12 instructional materials, gave all of Heinemann's flagship early-literacy products—*Classroom, Leveled Literacy Intervention,* and *Units of Study*—the lowest ratings it had ever issued for K-2 curricula in English and language arts. Discussing *Units of Study*, EdReports concluded that the "[m]aterials do not include systematic and explicit instruction in all foundational skills standards to provide students with opportunities to progress towards reading proficiency." Further criticisms included the lack of a "research-based explanation for the order of phonological awareness and phonics instruction," of "cohesive and sequential scope and sequence," and of "systematic and explicit instruction in all foundational skills standards to provide students with opportunities to progress towards reading proficiency." So while Defendants have offered products that mention or even include some phonics, they fall far below what is needed to be effective.

12

48.     In parallel with these reports, public opinion began to turn against Defendants' methods. A series of newspaper articles, podcasts, and legislative and school board hearings shed new light on the dramatic consequences of Defendants' defective literacy products. In 2020, the school system in Oakland, California abandoned *Units of Study* after parents and the city's NAACP chapter raised concerns that Calkins' methods were not "research-proven." In 2023, the Chancellor of New York City Public Schools admitted that the city's approach to early literacy—dominated by *Units of Study*—was "fundamentally flawed" and defied the scientific consensus.

49.     Until very recently, Defendants did not disclose the flaws in their products, even though they knew—or should have known—that their curricula ran counter to the scientific consensus among educators, educational psychologists, and other experts. Remarkably, Defendants continued to promote cueing methods as effective pedagogical tools despite consistent research-backed criticism. For example, in a 2021 blog post responding to public and academic critiques of their products, Fountas and Pinnell explained that if a reader reads "pony" where it says "horse," the response is still "partially correct."

50.     In 2020, Teachers College responded to the Student Achievement Partners study and other negative appraisals by acknowledging that aspects of *Units of Study* needed "rebalancing." In an internal memorandum issued that year, Teachers College finally conceded that "phonemic awareness (PA), the ability to identify and manipulate the sounds of spoken language, is a foundational component of reading success[]." Yet Teachers College did not take effective action to remedy these deficiencies, nor did it warn schools or teachers of the flaws in its existing products.

51.     Today, nearly forty States and the District of Columbia have passed laws or promulgated regulations requiring that students receive evidence-based reading instruction

13

(including phonics) and/or prohibiting classroom instruction involving Defendants' "three-cueing," "balanced literacy," or their equivalently defective products. For instance, in 2019, Colorado amended its Reading to Ensure Academic Development ("READ") Act to obligate schools to provide early-literacy programming that is "focused on or aligns with the science of reading, including teaching in the areas of phonemic awareness, phonics, vocabulary development, reading fluency including oral skills, and reading comprehension."

## IV.    DEFENDANTS HAVE REFUSED TO TAKE RESPONSIBILITY FOR THEIR ACTIONS.

52.    Eventually, worried about the loss of their lucrative revenue streams, and unable to deny the increasing drumbeat of outside criticism, some Defendants started to make cosmetic changes to their curricula. These changes were far too little and far too late.

53.    In 2021, Heinemann released a new edition of *Units of Study* that it described as "build[ing] upon the foundational work of the original materials with an increased focus on systematic phonics instruction, inclusive content, and ease of use." This "increased focus" still provides only meager phonics instruction.

54.    Worse, rather than provide these remedial materials to school districts for free, Heinemann sold them as an "update," charging tens or hundreds of thousands of dollars for the privilege of having a marginally less defective early-literacy product.

55.    Fountas and Pinnell, meanwhile, launched a blog reiterating their commitment to their discredited "cueing" theory and arguing against the rising tide of criticism. It was not until May 2023 that Fountas & Pinnell quietly acknowledged the deafening chorus by announcing the addition of limited phonics instruction to their early-literacy products, although these did not solve the underlying problem.

56.    Indeed, an EdReports review of a post-restructuring edition of *Leveled Literacy Intervention* concluded that Fountas & Pinnell still had failed to "present a research-based or

evidence-based explanation for the sequence" of instruction and did not "consistently devote enough time to systematic instruction in phonological awareness, phonics, and fluency."

57.     Before 2023, Calkins had badged all her *Units of Study* publications and related consulting work with her employer's imprimatur, branding her products as the work of "TCRWP" (referring consumers to her connection to Teachers College). On September 1, 2023, Teachers College issued a press release stating that "[t]he entity TCRWP, founded in 1981, will be dissolved as part of [a] shift" toward "evidence-based approaches to literacy." A week later, that press release was updated to state that "[t]his was not a legal definition of dissolve" and that "all existing school partnerships are unaffected and will continue seamlessly." Despite the equivocal language, the message was clear: Teachers College would have nothing more to do with *Units of Study*.

## V.    CHILDREN AND FAMILIES HAVE SUFFERED TREMENDOUSLY FROM DEFENDANTS' DEFECTIVE MATERIALS.

58.     Defendants earned millions of dollars selling their defective products to schools and teachers. The consequences for Plaintiffs and other children have been catastrophic.

59.     Because Defendants' curricula do not contain the building blocks for teaching effective early-childhood literacy, huge numbers of children, including countless children in the Commonwealth, have suffered devastating setbacks in their educational development. For instance, a *Boston Globe* survey found that in 2023 less than half of all Massachusetts third-graders satisfied performance expectations on the Massachusetts Comprehensive Assessment System English Language Arts exam. Students from minority groups or with learning disabilities fared even worse: "Roughly 70 percent of Black third-graders, 80 percent of Latino students, and 85 percent of children with disabilities did not meet the state's benchmark."

60.     The *Globe* survey found that "nearly half" of Massachusetts' school systems were continuing to use literacy products, including products authored or marketed by the Defendants,

that were considered by the Massachusetts Department of Elementary and Secondary Education (ESE) to be of "low quality." As the paper observed, "[p]oor children learning to read are now slightly better off going to school in Florida or Mississippi—states that got serious about early literacy years ago—than they are in Massachusetts."

61.     In an attempt to redress the harms caused by reliance on Defendants' products, Massachusetts launched MassLiteracy, a teacher-training initiative that seeks "to empower educators with the evidence-based practices for literacy that all students need" by providing remedial online courses for teachers. But the courses are costly. Some districts, like Boston Public Schools, have spent thousands of dollars per teacher for remedial lessons on structured literacy and phonemic awareness, all to cure what Defendants' defective literacy products long left out.

62.     This disaster is ongoing. Once children have passed the critical timeframe to learn reading skills through phonics, it is harder to catch up to their peers. Those who cannot catch up often suffer in silence. They display low self-esteem and behavioral difficulties, are anxious about participating in school activities, and hold negative attitudes about learning.

63.     Children outside the most affluent households are uniquely disadvantaged by arrested literacy-skill development, as they are less likely to have access to tutors, private school, or other costly remedial options. But even families who manage to pay for literacy tutoring, supplemental at-home materials, or private schools still must spend substantial time and money so their children can develop skills they would have gained had they been provided adequate early-literacy instruction at school.

64.     Children who are susceptible to dyslexia are also at heightened risk of harm from Defendants' defective products. Adequate phonics instruction can help prevent a child from developing dyslexia in the first instance, but Defendants' early-literacy programs do not provide

it. And products like the BAS and Text-Level Gradient fail to accurately identify children who may have a reading disability, further delaying intervention for children in need.

65.    Plaintiffs' personal experiences are illustrative. Karrie Conley's child, S.C., was taught cueing through Heinemann's *Units of Study*, and then received ineffective assistance through Heinemann's *Leveled Literacy Intervention,* resulting in her reading delays going unnoticed for years. Without the instruction necessary to secure reading proficiency by third grade, S.C. so struggled with her word-based math curriculum that Karrie needed to transfer her to a private school that could redress her literacy deficiencies and attendant educational delays. And even after transferring, S.C. still required year-round private tutoring from fourth through seventh grades to repair the damage done.

66.    Another of Karrie's children, K.C., was exposed to *Units of Study* and *Leveled Literacy Intervention* from kindergarten through second grade, when her parents detected that she also appeared not to be developing the necessary and appropriate literacy decoding skills. Realizing that time was of the essence, Karrie transferred K.C. to a private school to secure access to reading programs and intensive tutoring with systematic phonics instruction. Sending S.C. and K.C. to private school and securing literacy tutoring cost more than twice what Karrie paid to send another of her children to college.

67.    Michele Hudak's minor child, R.H., was taught using *Units of Study* and *Leveled Literacy Intervention* and received defective assessments through BAS. Despite being unable to read, R.H.'s BAS results suggested that he "read" at grade level from kindergarten through fourth grade solely because he could successfully guess words from pictures. When presented with chapter books in fourth grade, it became apparent R.H. was far behind many of his peers—but the damage already had been done.

## CLASS ALLEGATIONS

68.     Plaintiffs pursue claims for themselves and on behalf of a class of others similarly situated and injured, pursuant to Mass. R. Civ. P. 23(a) and Mass. G.L. c. 93A, § 9(2).

69.     Plaintiffs seek to represent a class of all children and parents and/or legal guardians of children currently or previously enrolled in kindergarten, first, second, or third grade in a Massachusetts elementary school that purchased, licensed, reproduced, or otherwise employed any Heinemann or HMH early-literacy products marketed under the Fountas & Pinnell, *Units of Study*, Teachers College Reading & Writing Project, or Reading & Writing Project at Mossflower trade names, and who reached (or will reach) the age of majority on or after December 4, 2020.

70.     The individuals in the Class are so numerous that joinder of all members is impractical. According to the U.S. Department of Education's National Center for Education Statistics, Massachusetts enrolled 926,100 students in its public elementary and secondary schools during the 2023–24 school year. Because the quality and frequency of curricular-purchase reporting varies widely across schools, and because Defendants' sales figures are proprietary and privately maintained, the precise number of class members cannot yet be determined but will be readily ascertainable through discovery.

71.     There are questions of law and fact common to the Class's claims. Among these common questions are:

        a.      Whether Defendants employed unfair and deceptive marketing practices, in violation of G.L. c. 93A, § 2, by falsely representing that their early-literacy products were (among other things) "research-backed," "research-based," "data-based," and based on "gold-standard" research;

b.        Whether Defendants employed unfair and deceptive marketing practices, in violation of G.L. c. 93A, § 2, by failing to warn consumers that their early-literacy products did not include explicit and systematic phonics instruction;

c.        Whether Defendants employed unfair and deceptive marketing practices, in violation of G.L. c. 93A, § 2, by selling early-literacy products that Defendants knew or should have known were not fit to provide early-literacy instruction; and

d.        Whether Defendants' unfair and deceptive marketing practices, including, but not limited to, Defendants' false representations that their early-literacy products were based or grounded in "research" and "data," amounted to common-law negligence.

72.        Plaintiffs' claims are typical of the claims of the Class. As detailed above, Plaintiffs received early-literacy instruction using Defendants' defective early-literacy products and suffered from literacy deficiencies as a result.

73.        Plaintiffs will fairly and adequately represent the interests of the Class. They have retained skilled counsel with considerable experience in prosecuting and defending against class actions, including actions involving class-based consumer-protection, antitrust, products liability, constitutional, and civil rights claims.

74.        The questions of law and fact common to the Class predominate over any individual issues. In addition, a class action would be the fairest and most efficient way to adjudicate the Class members' claims.

## CAUSES OF ACTION

### COUNT I
### UNFAIR AND DECEPTIVE ACTS AND PRACTICES
### MASSACHUSETTS G.L. c. 93A, § 9
### [By All Plaintiffs and the Putative Class Against All Defendants]

75.     Plaintiffs, individually and on behalf of all others similarly situated, incorporate all preceding paragraphs as though set forth here.

76.     Through their conduct in creating, marketing, promoting, or profiting off their teaching materials and curricula in Massachusetts, Defendants engaged in unfair and deceptive practices in Massachusetts in the conduct of trade or commerce in violation of G.L. c. 93A, § 2, including:

a.      Marketing, selling, or otherwise profiting from the sale of defective and deficient reading curricula, reading diagnostic tests, and teacher-training programs to Massachusetts elementary schools, school districts, and related entities;

b.      Failing to provide adequate or complete disclosures and warnings regarding the deficient reading curricula and other training and reading products; and

c.      Disseminating false, misleading, incomplete, and/or inadequate statements, instructions, training materials, and marketing materials regarding their reading and training products, including falsely claiming that their products were supported by credible evidence and research.

77.     Through their unfair and deceptive conduct, Defendants induced schools throughout Massachusetts to buy their defective products, rather than those early-literacy products that provide adequate and scientifically sound early-literacy instruction. As a result, Plaintiffs and the Class Members received deficient reading instruction.

78.     Upon information and belief, through their unfair and deceptive acts, Defendants' lifetime revenues from their direct and indirect sales to Massachusetts schools have exceeded many millions of dollars.

79.     Because of Defendants' unfair and deceptive acts, Plaintiffs and the Class Members suffered ascertainable injuries and losses in an amount to be proven at trial.

80.     Defendants knew or should have known that they were committing unfair and deceptive acts, in violation of G.L. c. 93A, § 2.

81.     On September 24, 2024, pursuant to G.L. c. 93A, § 9(3), Plaintiffs mailed or delivered to each Defendant a written demand for relief reasonably describing the unfair and deceptive acts and practices and injuries alleged in this Complaint.  On October 23, 2024, Plaintiffs mailed or delivered to the Board of Trustees of Teachers College, Columbia University, an amended written demand for relief reasonably describing the unfair and deceptive acts and practices and injuries alleged in this Complaint. As of December 4, 2024, no Defendant has tendered a written offer of settlement in response to Plaintiffs' written demands for relief.

## COUNT II
## NEGLIGENCE
### [By All Plaintiffs and the Putative Class Against All Defendants]

82.     Plaintiffs, individually and on behalf of all others similarly situated, incorporate all preceding paragraphs as though set forth here.

83.     Defendants have a duty to exercise reasonable care and competence in marketing and selling their early-literacy products. This includes a duty not to cause foreseeable harm to others. Having engaged in conduct that created an unreasonable risk of harm to others, Defendants had a duty to exercise reasonable care to prevent the threatened harm.

84.     Through their conduct, Defendants repeatedly breached their duties to exercise reasonable care or competence by falsely and deceptively marketing their products in the manner alleged above, including by:

a.     Minimizing the risks posed to children by literacy products that do not include adequate and scientifically sound phonics instruction;

b.     Exaggerating the purported benefits of literacy products that do not include adequate and scientifically sound phonics instruction;

c.     Failing to provide adequate or complete disclosures and warnings regarding the deficient reading curricula and other training and reading products; and

d.     Disseminating false, misleading, incomplete, and/or inadequate statements, instructions, training materials, and marketing materials regarding their reading and training products, including falsely claiming that their products were supported by credible evidence and research.

85.     Defendants' conduct in making these representations and choosing to omit clear warnings about their products' known deficiencies was at a minimum deceptive and unfair, if not willful, wanton, malicious, reckless, oppressive, and/or fraudulent.

86.     Through their negligence and negligent misrepresentations, Defendants directly or indirectly induced schools and school districts throughout Massachusetts to buy their defective products. The foreseeable result of Defendants' misrepresentations was that Plaintiffs and the Class Members received deficient reading instruction.

87.     Defendants' breaches directly and proximately resulted in the injuries and damages alleged by Plaintiffs, both individually and on behalf of all others similarly situated.

88.     Plaintiffs suffered ascertainable injuries and losses resulting from Defendants' misrepresentations and omissions in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, hereby respectfully request that this Court certify the Class and enter judgment in their favor and against Defendants, awarding:

a.     Actual damages suffered as a result of the Class's exposure to Defendants' ineffective and harmful products, as well as any other damages that were caused by Defendants' wrongdoing, in amounts to be determined at trial;

b.     Compensatory damages to redress the harms caused to and expenditures incurred by Plaintiffs and the Class Members because of Defendants' ineffective and harmful curricula, including the costs associated with any tutoring, supplemental reading materials, or other out-of-pocket costs, in amounts to be determined at trial;

c.     Punitive and treble damages;

d.     Injunctive relief, including, but not limited to, an order requiring Defendants to provide to Plaintiffs and the Class Members an early-literacy curriculum that sufficiently reflects and incorporates the science of reading free of charge;

e.     An award of reasonable attorneys' fees and expenses; and

f.     All other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs, individually and on behalf of all others similarly situated, hereby demand a trial by jury on all issues so triable.

Dated: December 4, 2024

Respectfully submitted,

/s/ *Benjamin Elga*
Benjamin Elga
Attorney for Plaintiffs


Sarah Grady* (IL #6312933)               Janet Herold (BBO #632479)
Howard Kaplan* (IL #6306286)             Benjamin Elga (BBO #697933)
Jed Glickstein* (IL #6315387)            **JUSTICE CATALYST LAW**
Amelia Caramadre (BBO #710230)           40 Rector St.
Adam J. Smith* (IL #6337040)             New York, NY 10006
**KAPLAN & GRADY LLC**                   (518) 732-6703
2071 N. Southport Ave., Ste. 205         janet@justicecatalyst.org
Chicago, IL 60614                        belga@justicecatalyst.org
(312) 852-2184
sarah@kaplangrady.com
amelia@kaplangrady.com


*Attorneys for Plaintiffs*
*(*pro hac vice motion forthcoming)*

24

# Greenwood Publishing Group, LLC;

# HMH Education Co.

| From: | Ellsworth, Felicia H |
|---|---|
| To: | Amelia Caramadre |
| Cc: | howard@kaplangrady.com; sarah@kaplangrady.com; jglickstein@kaplangrady.com; adam@kaplangrady.com; alexandra@kaplangrady.com; O"Laughlin, Andy; Lampert, Thomas F |
| Subject: | RE: Complaint |
| Date: | Saturday, December 21, 2024 9:42:15 AM |
| Attachments: | 2024-12-19 2484CV03147 Summons - Greenwood Publishing Group LLC dba Heinemann Publishing_Executed.pdf |
| | 2024-12-19 2484CV03147 Summons - HMH Education Co_Executed.pdf |
| | image004.png |

Please see attached acceptances of service.  Also, please copy Andy O'Laughlin and Thomas Lampert on communications relating to this matter going forward.  Thanks very much.

Felicia

**Felicia H. Ellsworth | WilmerHale**
she/her/hers
60 State Street
Boston, MA 02109 USA
+1 617 526 6687 (t)
+1 617 501 5676 (c)
felicia.ellsworth@wilmerhale.com

 **One Firm. One Legacy.**
WilmerHale celebrates the twentieth anniversary since the merger.

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Amelia Caramadre <amelia@kaplangrady.com>
**Sent:** Friday, December 20, 2024 11:33 AM
**To:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>
**Cc:** howard@kaplangrady.com; sarah@kaplangrady.com; jglickstein@kaplangrady.com; adam@kaplangrady.com; alexandra@kaplangrady.com
**Subject:** Re: Complaint

**EXTERNAL SENDER**

Felicia,
Please see the summonses for your clients attached.

Thanks,
Amelia

Amelia Caramadre
**KAPLAN & GRADY**
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
T: (312) 815-2684
amelia@kaplangrady.com
kaplangrady.com

On Tue, Dec 17, 2024 at 12:15 PM Flores, Javier <Javier.Flores@dinsmore.com> wrote:

> Amelia,
>
> Can you confirm that you will be sending the summonses for each our respective clients to be executed by counsel on their behalf?  We do not consider service complete until we have provided executed copies, which we can generally agree to turn before COB, absent any logistical issues.
>
> Thanks.
>
> Javier
>
> 
> **Javier F. Flores**
> Office Managing Partner
> Dinsmore & Shohl LLP  •  Legal Counsel
> 101 Arch Street, Suite 1800, Boston, MA 02110
> **T** (857) 305-6383  •  **F** (857) 305-6401
>
> **From:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>
> **Sent:** Tuesday, December 10, 2024 4:08 PM
> **To:** David.Thomas@gtlaw.com; amelia@kaplangrady.com
> **Cc:** Flores, Javier <Javier.Flores@DINSMORE.COM>; Lampert, Thomas F <Thomas.Lampert@wilmerhale.com>; howard@kaplangrady.com; sarah@kaplangrady.com; jglickstein@kaplangrady.com; belga@justicecatalyst.org; jherold@justicecatalyst.org; adam@kaplangrady.com; alexandra@kaplangrady.com
> **Subject:** RE: Complaint

I can accept service on behalf of Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing, and HMH Education Co. based on the same understanding.  No objection to PHVs.  Thank you.

**Felicia H. Ellsworth | WilmerHale**
she/her/hers
60 State Street
Boston, MA 02109 USA
+1 617 526 6687 (t)
+1 617 501 5676 (c)
felicia.ellsworth@wilmerhale.com

**20** **One Firm. One Legacy.**
WilmerHale celebrates the twentieth anniversary since the merger.

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** David.Thomas@gtlaw.com <David.Thomas@gtlaw.com>
**Sent:** Tuesday, December 10, 2024 12:36 PM
**To:** amelia@kaplangrady.com
**Cc:** Javier.Flores@dinsmore.com; Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>; Lampert, Thomas F <Thomas.Lampert@wilmerhale.com>; howard@kaplangrady.com; sarah@kaplangrady.com; jglickstein@kaplangrady.com; belga@justicecatalyst.org; jherold@justicecatalyst.org; adam@kaplangrady.com; alexandra@kaplangrady.com
**Subject:** RE: Complaint

**EXTERNAL SENDER**

Amelia,

Thank you.  The tracking order deadline is a placeholder date for the clerk to check the docket to determine if a default should enter.  It does not alter the response time provided by Rule 12. We intend to submit a response to the complaint by January 17, 2025. Thank you for agreeing to our request for an extension of time. If we need additional time, we will let you know. We will accept service. Please send me a copy of the summonses for Dr. Calkins and RWPN, LLC.

I will execute our acceptance on both and return them to you for filing. We do not oppose the pro hac vice requests.

Sincerely,

David

**David G. Thomas**
Shareholder

Greenberg Traurig, LLP
One International Place | Suite 2000 | Boston, MA 02110
T +1 617.310.6040 | F +1 617.897.0940 | C +1 781.267.9614
David.Thomas@gtlaw.com | www.gtlaw.com | View GT Biography

**GT** GreenbergTraurig

Albany. Amsterdam. Atlanta. Austin. Boston. Berlin*. Charlotte. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Kingdom of Saudi Arabia*. Las Vegas. London*. Long Island. Los Angeles. Mexico City*. Miami. Milan*. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Portland. Sacramento. Salt Lake City. San Diego. San Francisco. São Paulo*. Seoul*. Shanghai. Silicon Valley. Singapore*. Tallahassee. Tampa. Tel Aviv*. Tokyo*. United Arab Emirates*. Warsaw*. Washington, D.C. West Palm Beach. Westchester County.

*Berlin: Greenberg Traurig's Berlin Office is operated by Greenberg Traurig Germany, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP.; Kingdom of Saudi Arabia: Operates through Greenberg Traurig Khalid Al-Thebity Law Firm; London: Operates as a separate UK registered legal entity; Mexico City: Operates as Greenberg Traurig, S.C.; Milan: Greenberg Traurig's Milan office is operated by Greenberg Traurig Santa Maria, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; *São Paulo: Operates as Greenberg Traurig Brazil Consultores em Direito Estrangeiro – Direito Estadunidense, incorporated in Brazil as a foreign legal consulting firm; *Seoul: Operated by Greenberg Traurig LLP Foreign Legal Consultant Office; Singapore: Greenberg Traurig's Singapore office is operated by Greenberg Traurig Singapore LLP which is licensed as a foreign law practice in Singapore; Tel Aviv: A branch of Greenberg Traurig, P.A., Florida, USA; Tokyo: Greenberg Traurig's Tokyo Office is operated by GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubengoshi Jimusho, affiliates of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; United Arab Emirates: Operates as Greenberg Traurig Limited; Warsaw: Operates as GREENBERG TRAURIG Nowakowska-Zimoch Wysokiński sp.k.

---

**From:** Amelia Caramadre <amelia@kaplangrady.com>
**Sent:** Monday, December 9, 2024 5:58 PM
**To:** Thomas, David G. (Shld-Bos-LT) <David.Thomas@gtlaw.com>
**Cc:** Javier.Flores@dinsmore.com; Felicia.Ellsworth@wilmerhale.com; Thomas.Lampert@wilmerhale.com; howard@kaplangrady.com; sarah@kaplangrady.com; jglickstein@kaplangrady.com; belga@justicecatalyst.org; jherold@justicecatalyst.org; adam@kaplangrady.com; alexandra@kaplangrady.com
**Subject:** Re: Complaint

Felicia, Javier, and David:

We would have no objection to that extension; however, we understand that this tracking order (attached) controls the schedule and gives you until April 3rd to respond. Please let us know if you have a different understanding about that, and please confirm that you are accepting service for your clients.

Also, we intend to move for pro hac vice admissions for attorneys Sarah Grady, Adam Smith,

Jed Glickstein, and Howard Kaplan. Mass. Super. Ct. R. 9c(a) requires us to note your position. Please let us know if you oppose.

Thanks!
Amelia

Amelia Caramadre
**KAPLAN & GRADY**
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
T: (312) 815-2684
amelia@kaplangrady.com
kaplangrady.com

On Fri, Dec 6, 2024 at 5:19 PM <David.Thomas@gtlaw.com> wrote:

> Any we, on behalf of Lucy Calkins and the RWPN LLC, also agree to accept service of the complaint in exchange for an extension of time to respond to the complaint to January 17, 2025.
>
> **David G. Thomas**
> Shareholder
>
> Greenberg Traurig, LLP
> One International Place | Suite 2000 | Boston, MA 02110
> T +1 617.310.6040 | F +1 617.897.0940 | C +1 781.267.9614
> David.Thomas@gtlaw.com | www.gtlaw.com | View GT Biography
>
> **David G. Thomas**
> Shareholder

**From:** Flores, Javier <Javier.Flores@DINSMORE.COM>
**Sent:** Friday, December 6, 2024 5:16 PM
**To:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>; Amelia Caramadre <amelia@kaplangrady.com>; Thomas, David G. (Shld-Bos-LT) <David.Thomas@gtlaw.com>; Lampert, Thomas F <Thomas.Lampert@wilmerhale.com>
**Cc:** howard@kaplangrady.com; Sarah Grady <sarah@kaplangrady.com>; jglickstein@kaplangrady.com; belga@justicecatalyst.org; jherold@justicecatalyst.org; adam@kaplangrady.com; alexandra@kaplangrady.com

**Subject:** RE: Complaint

Amelia,

On behalf of Irene Fountas, Gay Su Pinnell and Fountas & Pinnell, LLC, we can also agree to accept service of the complaint in exchange for an agreed extension until January 17, 2025 to file responsive pleadings.

Have a nice weekend.  Regards.

Javier


**Javier F. Flores**
Office Managing Partner
Dinsmore & Shohl LLP  •  Legal Counsel
101 Arch Street, Suite 1800, Boston, MA 02110
**T** (857) 305-6383  •  **F** (857) 305-6401

**From:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>
**Sent:** Friday, December 6, 2024 4:42 PM
**To:** Amelia Caramadre <amelia@kaplangrady.com>; david.thomas@gtlaw.com; Flores, Javier <Javier.Flores@DINSMORE.COM>; Lampert, Thomas F <Thomas.Lampert@wilmerhale.com>
**Cc:** howard@kaplangrady.com; Sarah Grady <sarah@kaplangrady.com>; jglickstein@kaplangrady.com; belga@justicecatalyst.org; jherold@justicecatalyst.org; adam@kaplangrady.com; alexandra@kaplangrady.com
**Subject:** RE: Complaint

Counsel,

We are willing to accept service of the complaint on behalf of Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing, and HMH Education Co., so long as Plaintiffs agree to extend the Defendants' time to respond to the complaint to January 17, 2025.

Please confirm Plaintiffs' agree.

Thank you,
Felicia

**Felicia H. Ellsworth | WilmerHale**

she/her/hers
60 State Street
Boston, MA 02109 USA
+1 617 526 6687 (t)
+1 617 501 5676 (c)
felicia.ellsworth@wilmerhale.com

**One Firm. One Legacy.**
WilmerHale celebrates the twentieth anniversary since the merger.

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

---

**From:** Amelia Caramadre <amelia@kaplangrady.com>
**Sent:** Wednesday, December 4, 2024 4:10 PM
**To:** david.thomas@gtlaw.com; Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>;
javier.flores@dinsmore.com; Lampert, Thomas F <Thomas.Lampert@wilmerhale.com>
**Cc:** howard@kaplangrady.com; Sarah Grady <sarah@kaplangrady.com>;
jglickstein@kaplangrady.com; belga@justicecatalyst.org; jherold@justicecatalyst.org;
adam@kaplangrady.com; alexandra@kaplangrady.com
**Subject:** Re: Complaint

EXTERNAL SENDER

With the attachment this time!

Amelia Caramadre
**KAPLAN & GRADY**
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
T: (312) 815-2684
amelia@kaplangrady.com
kaplangrady.com

On Wed, Dec 4, 2024 at 3:09 PM Amelia Caramadre <amelia@kaplangrady.com> wrote:

Good afternoon, Counsel:

Here is the file-stamped copy of the complaint. Can each of you please let us know if you will accept service on behalf of your respective client(s).

Thanks!


Amelia Caramadre

**KAPLAN & GRADY**

2071 N. Southport Ave., Ste. 205

Chicago, IL 60614

T: (312) 815-2684

amelia@kaplangrady.com

kaplangrady.com


On Wed, Dec 4, 2024 at 11:07 AM Sarah Grady <sarah@kaplangrady.com> wrote:

> Counsel:
>
> We were waiting to send you a file-stamped copy but we are happy to send you the Complaint as we work to finalize the filing process. It is attached.
>
> Sarah
>
> Sarah Grady
> **KAPLAN & GRADY**
> 2071 N. Southport Ave., Ste. 205
> Chicago, IL 60614
> 312.852.2184
> sarah@kaplangrady.com
> kaplangrady.com
> Pronouns: she/hers
>
>
> On Wed, Dec 4, 2024 at 10:38 AM <David.Thomas@gtlaw.com> wrote:
>
>> Sorry all. I read Felicia email too quickly obviously. We would like a copy of the pleading as well of course.
>>
>> **David G. Thomas**

Shareholder

Greenberg Traurig, LLP
One International Place | Suite 2000 | Boston, MA 02110
T +1 617.310.6040 | F +1 617.897.0940 | C +1 781.267.9614
David.Thomas@gtlaw.com | www.gtlaw.com | View GT Biography

**David G. Thomas**
Shareholder

---

**From:** Thomas, David G. (Shld-Bos-LT)
**Sent:** Wednesday, December 4, 2024 11:29 AM
**To:** 'Ellsworth, Felicia H' <Felicia.Ellsworth@wilmerhale.com>; Howard Kaplan <howard@kaplangrady.com>; Lampert, Thomas F <Thomas.Lampert@wilmerhale.com>
**Cc:** Jed Glickstein <jglickstein@kaplangrady.com>; Sarah Grady <sarah@kaplangrady.com>; Benjamin Elga <belga@justicecatalyst.org>; Janet Herold <jherold@justicecatalyst.org>; javier.flores@dinsmore.com; Amelia Caramadre <amelia@kaplangrady.com>; Adam Smith <adam@kaplangrady.com>; Alexandra Gergova <alexandra@kaplangrady.com>
**Subject:** RE: Complaint

Nothing attached.

**David G. Thomas**
Shareholder

Greenberg Traurig, LLP
One International Place | Suite 2000 | Boston, MA 02110
T +1 617.310.6040 | F +1 617.897.0940 | C +1 781.267.9614
David.Thomas@gtlaw.com | www.gtlaw.com | View GT Biography

**David G. Thomas**
Shareholder

---

**From:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>
**Sent:** Wednesday, December 4, 2024 11:17 AM
**To:** Howard Kaplan <howard@kaplangrady.com>; Lampert, Thomas F <Thomas.Lampert@wilmerhale.com>
**Cc:** Jed Glickstein <jglickstein@kaplangrady.com>; Sarah Grady

<sarah@kaplangrady.com>; Benjamin Elga <belga@justicecatalyst.org>; Janet
Herold <jherold@justicecatalyst.org>; Thomas, David G. (Shld-Bos-LT)
<David.Thomas@gtlaw.com>; javier.flores@dinsmore.com; Amelia Caramadre
<amelia@kaplangrady.com>; Adam Smith <adam@kaplangrady.com>; Alexandra
Gergova <alexandra@kaplangrady.com>
**Subject:** Complaint

**\*EXTERNAL TO GT\***

Counsel,

Please send a copy of the complaint, that has already been shared with the Boston
Globe and other media, immediately.

Felicia

**Felicia H. Ellsworth | WilmerHale**
she/her/hers
60 State Street
Boston, MA 02109 USA
+1 617 526 6687 (t)
+1 617 501 5676 (c)
felicia.ellsworth@wilmerhale.com


 **One Firm. One Legacy.**
WilmerHale celebrates the twentieth anniversary since the merger.

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential,
and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or
by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments.
Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

---

If you are not an intended recipient of confidential and privileged information in this
email, please delete it, notify us immediately at postmaster@gtlaw.com, and do
not use or disseminate the information.

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

36

| **Summons** | CIVIL DOCKET NO.<br><br>2484CV03147 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br><br>S.C., by her parent and next friend Karrie Conley et al.<br><br><div align="center">Plaintiff(s)</div><br><div align="center">vs.</div><br><br>Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing et al.<br><br><div align="right">Defendant(s)</div> | John E. Powers III    Acting<br>Clerk of Courts<br>Suffolk       County |
|---|---|

COURT NAME & ADDRESS:
Suffolk Superior Civil Court
Three Pemberton Square
Boston, MA. 02108

THIS SUMMONS IS DIRECTED TO    <u>Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing</u>   (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the        Court.

<div align="center"><b>YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.</b></div>

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

     a) Filing your **signed original** response with the Clerk's Office for Civil Business,        Court

                     (address), by mail, in person, or electronically through

     the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

     b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

37

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti , Chief Justice on _____ , 20_____ . (Seal)

Acting Clerk

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

### PROOF OF SERVICE OF PROCESS

---

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____          Signature: _____

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

| **Summons** | CIVIL DOCKET NO.<br>2484CV03147 | **Trial Court of Massachusetts**<br>**The Superior Court** ⚖ |
|---|---|---|

| CASE NAME:<br><br>S.C., by her parent and next friend Karrie Conley et al.<br><br>Plaintiff(s)<br><br>vs.<br><br>Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing et al.<br><br>Defendant(s) | John E. Powers III    Acting Clerk of Courts<br>Suffolk    County<br><br>COURT NAME & ADDRESS:<br>Suffolk Superior Civil Court<br>Three Pemberton Square<br>Boston, MA. 02108 |
|---|---|

THIS SUMMONS IS DIRECTED TO _____HMH Education Co._____ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court

            (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

    b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

39

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. __Michael D. Ricciuti__ , Chief Justice on _____ , 20____ . (Seal)

Acting Clerk

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____       Signature: _____

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date: _____

| **Summons** | CIVIL DOCKET NO.<br><br>2484CV03147 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br><br>S.C., by her parent and next friend Karrie Conley et al.<br><br><div align="right">**Plaintiff(s)**</div><br><div align="center">vs.</div><br>Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing et al.<br><div align="right">**Defendant(s)**</div> | John E. Powers III<br>Suffolk | Acting<br>Clerk of Courts<br>County |
|---|---|---|

COURT NAME & ADDRESS:
Suffolk Superior Civil Court
Three Pemberton Square
Boston, MA. 02108

THIS SUMMONS IS DIRECTED TO   Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing   (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the                    Court.

<div align="center"><strong>YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.</strong></div>

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business,                    Court
(address), by mail, in person, or electronically through
the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

41

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti , Chief Justice on _____ , 20____ . (Seal)

Acting Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____          Signature: _____

I, Felicia H. Ellsworth, as counsel for Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing, accept service of this Summons and associated Complaint, on behalf of Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing,, on December 20, 2024.

**N.B.   TO PROCESS SERVER:** /s/ Felicia H. Ellsworth (Mass. BBO # 665232)

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date: _____

| **Summons** | CIVIL DOCKET NO.<br>2484CV03147 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br><br>S.C., by her parent and next friend Karrie Conley et al.<br>Plaintiff(s)<br><br>vs.<br><br>Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing et al.<br>Defendant(s) | John E. Powers III<br>Suffolk | Acting<br>Clerk of Courts<br>County |
|---|---|---|
| | COURT NAME & ADDRESS:<br>Suffolk Superior Civil Court<br>Three Pemberton Square<br>Boston, MA. 02108 | |

THIS SUMMONS IS DIRECTED TO _____ HMH Education Co. _____ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

    b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

43

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti , Chief Justice on _____ , 20___ . (Seal)

Acting Clerk

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____          Signature: _____

I, Felicia H. Ellsworth, as counsel for HMH Education Co., accept service of this Summons and associated Complaint, on behalf of HMH Education Co., on December 20, 2024.

**N.B.   TO PROCESS SERVER:**
/s/ Felicia H. Ellsworth (Mass. BBO # 665232)

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

# RWPN, LLC;

# Lucy Calkins

**From:** Thomas, David G. (Shld-Bos-LT)
**Sent:** Friday, December 20, 2024 3:48 PM
**To:** 'Amelia Caramadre' <amelia@kaplangrady.com>
**Cc:** howard@kaplangrady.com; sarah@kaplangrady.com; jglickstein@kaplangrady.com; adam@kaplangrady.com; alexandra@kaplangrady.com
**Subject:** RE: Complaint

Thank you, Amelia.  See accepted summonses attached.  Happy holidays.

**David G. Thomas**
Shareholder

Greenberg Traurig, LLP
One International Place | Suite 2000 | Boston, MA 02110
T +1 617.310.6040 | F +1 617.897.0940 | C +1 781.267.9614
David.Thomas@gtlaw.com | www.gtlaw.com | View GT Biography
**David G. Thomas**
Shareholder

<image001.png>

---

**From:** Amelia Caramadre <amelia@kaplangrady.com>
**Sent:** Friday, December 20, 2024 11:35 AM
**To:** Thomas, David G. (Shld-Bos-LT) <David.Thomas@gtlaw.com>
**Cc:** howard@kaplangrady.com; sarah@kaplangrady.com; jglickstein@kaplangrady.com; adam@kaplangrady.com; alexandra@kaplangrady.com
**Subject:** Re: Complaint

David,
Please see the summonses for your clients attached.

Thanks,
Amelia

Amelia Caramadre
**KAPLAN & GRADY**
2071 N. Southport Ave., Ste. 205

Chicago, IL 60614

T: (312) 815-2684

amelia@kaplangrady.com

kaplangrady.com


On Tue, Dec 17, 2024 at 12:15 PM Flores, Javier <Javier.Flores@dinsmore.com> wrote:

> Amelia,
>
> Can you confirm that you will be sending the summonses for each our respective clients to be executed by counsel on their behalf?  We do not consider service complete until we have provided executed copies, which we can generally agree to turn before COB, absent any logistical issues.
>
> Thanks.
>
> Javier
>
>
> **Javier F. Flores**
> Office Managing Partner
> Dinsmore & Shohl LLP  •  Legal Counsel
> 101 Arch Street, Suite 1800, Boston, MA 02110
> **T** (857) 305-6383  •  **F** (857) 305-6401
>
> ---
>
> **From:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>
> **Sent:** Tuesday, December 10, 2024 4:08 PM
> **To:** David.Thomas@gtlaw.com; amelia@kaplangrady.com
> **Cc:** Flores, Javier <Javier.Flores@DINSMORE.COM>; Lampert, Thomas F <Thomas.Lampert@wilmerhale.com>; howard@kaplangrady.com; sarah@kaplangrady.com; jglickstein@kaplangrady.com; belga@justicecatalyst.org; jherold@justicecatalyst.org; adam@kaplangrady.com; alexandra@kaplangrady.com
> **Subject:** RE: Complaint
>
> I can accept service on behalf of Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing, and HMH Education Co. based on the same understanding. No objection to PHVs.  Thank you.
>
>
> **Felicia H. Ellsworth | WilmerHale**
> she/her/hers
> 60 State Street
> Boston, MA 02109 USA
> +1 617 526 6687 (t)
> +1 617 501 5676 (c)
> felicia.ellsworth@wilmerhale.com

 **One Firm. One Legacy.**

WilmerHale celebrates the twentieth anniversary since the merger.

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

---

**From:** David.Thomas@gtlaw.com <David.Thomas@gtlaw.com>
**Sent:** Tuesday, December 10, 2024 12:36 PM
**To:** amelia@kaplangrady.com
**Cc:** Javier.Flores@dinsmore.com; Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>; Lampert, Thomas F <Thomas.Lampert@wilmerhale.com>; howard@kaplangrady.com; sarah@kaplangrady.com; jglickstein@kaplangrady.com; belga@justicecatalyst.org; jherold@justicecatalyst.org; adam@kaplangrady.com; alexandra@kaplangrady.com
**Subject:** RE: Complaint

**EXTERNAL SENDER**

Amelia,

Thank you.  The tracking order deadline is a placeholder date for the clerk to check the docket to determine if a default should enter.  It does not alter the response time provided by Rule 12. We intend to submit a response to the complaint by January 17, 2025. Thank you for agreeing to our request for an extension of time. If we need additional time, we will let you know. We will accept service. Please send me a copy of the summonses for Dr. Calkins and RWPN, LLC. I will execute our acceptance on both and return them to you for filing. We do not oppose the pro hac vice requests.

Sincerely,

David

**David G. Thomas**
Shareholder

Greenberg Traurig, LLP
One International Place | Suite 2000 | Boston, MA 02110
T +1 617.310.6040  |  F +1 617.897.0940  |  C +1 781.267.9614
David.Thomas@gtlaw.com  |  www.gtlaw.com   |  View GT Biography

Albany. Amsterdam. Atlanta. Austin. Boston. Berlin*. Charlotte. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Kingdom of Saudi Arabia*. Las Vegas. London*. Long Island. Los Angeles. Mexico

City*. Miami. Milan*. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Portland. Sacramento. Salt Lake City. San Diego. San Francisco. São Paulo*. Seoul*. Shanghai. Silicon Valley. Singapore*. Tallahassee. Tampa. Tel Aviv*. Tokyo*. United Arab Emirates*. Warsaw*. Washington, D.C. West Palm Beach. Westchester County.

*Berlin: Greenberg Traurig's Berlin Office is operated by Greenberg Traurig Germany, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP.; Kingdom of Saudi Arabia: Operates through Greenberg Traurig Khalid Al-Thebity Law Firm; London: Operates as a separate UK registered legal entity; Mexico City: Operates as Greenberg Traurig, S.C.; Milan: Greenberg Traurig's Milan office is operated by Greenberg Traurig Santa Maria, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; *São Paulo: Operates as Greenberg Traurig Brazil Consultores em Direito Estrangeiro – Direito Estadunidense, incorporated in Brazil as a foreign legal consulting firm; *Seoul: Operated by Greenberg Traurig LLP Foreign Legal Consultant Office; Singapore: Greenberg Traurig's Singapore office is operated by Greenberg Traurig Singapore LLP which is licensed as a foreign law practice in Singapore; Tel Aviv: A branch of Greenberg Traurig, P.A., Florida, USA; Tokyo: Greenberg Traurig's Tokyo Office is operated by GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubengoshi Jimusho, affiliates of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; United Arab Emirates: Operates as Greenberg Traurig Limited; Warsaw: Operates as GREENBERG TRAURIG Nowakowska-Zimoch Wysokiński sp.k.

---

**From:** Amelia Caramadre <amelia@kaplangrady.com>
**Sent:** Monday, December 9, 2024 5:58 PM
**To:** Thomas, David G. (Shld-Bos-LT) <David.Thomas@gtlaw.com>
**Cc:** Javier.Flores@dinsmore.com; Felicia.Ellsworth@wilmerhale.com; Thomas.Lampert@wilmerhale.com; howard@kaplangrady.com; sarah@kaplangrady.com; jglickstein@kaplangrady.com; belga@justicecatalyst.org; jherold@justicecatalyst.org; adam@kaplangrady.com; alexandra@kaplangrady.com
**Subject:** Re: Complaint

Felicia, Javier, and David:

We would have no objection to that extension; however, we understand that this tracking order (attached) controls the schedule and gives you until April 3rd to respond. Please let us know if you have a different understanding about that, and please confirm that you are accepting service for your clients.

Also, we intend to move for pro hac vice admissions for attorneys Sarah Grady, Adam Smith, Jed Glickstein, and Howard Kaplan. Mass. Super. Ct. R. 9c(a) requires us to note your position. Please let us know if you oppose.

Thanks!
Amelia


Amelia Caramadre
**KAPLAN & GRADY**
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
T: (312) 815-2684
amelia@kaplangrady.com
kaplangrady.com


On Fri, Dec 6, 2024 at 5:19 PM <David.Thomas@gtlaw.com> wrote:

Any we, on behalf of Lucy Calkins and the RWPN LLC, also agree to accept service of the complaint in exchange for an extension of time to respond to the complaint to January 17, 2025.

**David G. Thomas**
Shareholder

Greenberg Traurig, LLP
One International Place | Suite 2000 | Boston, MA 02110
T +1 617.310.6040  |  F +1 617.897.0940  |  C +1 781.267.9614
David.Thomas@gtlaw.com   |   www.gtlaw.com   |   View GT Biography

**David G. Thomas**
Shareholder

---

**From:** Flores, Javier <Javier.Flores@DINSMORE.COM>
**Sent:** Friday, December 6, 2024 5:16 PM
**To:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>; Amelia Caramadre <amelia@kaplangrady.com>; Thomas, David G. (Shld-Bos-LT) <David.Thomas@gtlaw.com>; Lampert, Thomas F <Thomas.Lampert@wilmerhale.com>
**Cc:** howard@kaplangrady.com; Sarah Grady <sarah@kaplangrady.com>; jglickstein@kaplangrady.com; belga@justicecatalyst.org; jherold@justicecatalyst.org; adam@kaplangrady.com; alexandra@kaplangrady.com
**Subject:** RE: Complaint

Amelia,

On behalf of Irene Fountas, Gay Su Pinnell and Fountas & Pinnell, LLC, we can also agree to accept service of the complaint in exchange for an agreed extension until January 17, 2025 to file responsive pleadings.

Have a nice weekend.  Regards.

Javier

**Javier F. Flores**
Office Managing Partner
Dinsmore & Shohl LLP  •  Legal Counsel
101 Arch Street, Suite 1800, Boston, MA 02110
**T** (857) 305-6383  •  **F** (857) 305-6401

**From:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>
**Sent:** Friday, December 6, 2024 4:42 PM

**To:** Amelia Caramadre <amelia@kaplangrady.com>; david.thomas@gtlaw.com;
Flores, Javier <Javier.Flores@DINSMORE.COM>; Lampert, Thomas F
<Thomas.Lampert@wilmerhale.com>
**Cc:** howard@kaplangrady.com; Sarah Grady <sarah@kaplangrady.com>;
jglickstein@kaplangrady.com; belga@justicecatalyst.org;
jherold@justicecatalyst.org; adam@kaplangrady.com;
alexandra@kaplangrady.com
**Subject:** RE: Complaint

Counsel,

We are willing to accept service of the complaint on behalf of Greenwood
Publishing Group, LLC, d/b/a Heinemann Publishing, and HMH Education Co., so
long as Plaintiffs agree to extend the Defendants' time to respond to the
complaint to January 17, 2025.

Please confirm Plaintiffs' agree.

Thank you,
Felicia

**Felicia H. Ellsworth | WilmerHale**
she/her/hers
60 State Street
Boston, MA 02109 USA
+1 617 526 6687 (t)
+1 617 501 5676 (c)
felicia.ellsworth@wilmerhale.com

**One Firm. One Legacy.**
WilmerHale celebrates the twentieth anniversary since the merger.

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are
confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by
replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this
message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

---

**From:** Amelia Caramadre <amelia@kaplangrady.com>
**Sent:** Wednesday, December 4, 2024 4:10 PM
**To:** david.thomas@gtlaw.com; Ellsworth, Felicia H
<Felicia.Ellsworth@wilmerhale.com>; javier.flores@dinsmore.com; Lampert,
Thomas F <Thomas.Lampert@wilmerhale.com>
**Cc:** howard@kaplangrady.com; Sarah Grady <sarah@kaplangrady.com>;

jglickstein@kaplangrady.com; belga@justicecatalyst.org;
jherold@justicecatalyst.org; adam@kaplangrady.com;
alexandra@kaplangrady.com
**Subject:** Re: Complaint

<mark>**EXTERNAL SENDER**</mark>

With the attachment this time!

Amelia Caramadre
**KAPLAN & GRADY**
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
T: (312) 815-2684
amelia@kaplangrady.com
kaplangrady.com

On Wed, Dec 4, 2024 at 3:09 PM Amelia Caramadre <amelia@kaplangrady.com>
wrote:
> Good afternoon, Counsel:
> Here is the file-stamped copy of the complaint. Can each of you please let us
> know if you will accept service on behalf of your respective client(s).
>
> Thanks!
>
>
> Amelia Caramadre
> **KAPLAN & GRADY**
> 2071 N. Southport Ave., Ste. 205
> Chicago, IL 60614
> T: (312) 815-2684
> amelia@kaplangrady.com
> kaplangrady.com
>
>
> On Wed, Dec 4, 2024 at 11:07 AM Sarah Grady <sarah@kaplangrady.com>
> wrote:
>> Counsel:
>>
>> We were waiting to send you a file-stamped copy but we are happy to send
>> you the Complaint as we work to finalize the filing process. It is attached.
>>
>> Sarah

Sarah Grady
**KAPLAN & GRADY**
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
312.852.2184
sarah@kaplangrady.com
kaplangrady.com
Pronouns: she/hers


On Wed, Dec 4, 2024 at 10:38 AM <David.Thomas@gtlaw.com> wrote:

Sorry all.  I read Felicia email too quickly obviously.  We would like a copy of the pleading as well of course.

**David G. Thomas**
Shareholder

Greenberg Traurig, LLP
One International Place | Suite 2000 | Boston, MA 02110
T +1 617.310.6040 | F +1 617.897.0940 | C +1 781.267.9614
David.Thomas@gtlaw.com | www.gtlaw.com | View GT Biography

**David G. Thomas**
Shareholder

---

**From:** Thomas, David G. (Shld-Bos-LT)
**Sent:** Wednesday, December 4, 2024 11:29 AM
**To:** 'Ellsworth, Felicia H' <Felicia.Ellsworth@wilmerhale.com>; Howard Kaplan <howard@kaplangrady.com>; Lampert, Thomas F <Thomas.Lampert@wilmerhale.com>
**Cc:** Jed Glickstein <jglickstein@kaplangrady.com>; Sarah Grady <sarah@kaplangrady.com>; Benjamin Elga <belga@justicecatalyst.org>; Janet Herold <jherold@justicecatalyst.org>; javier.flores@dinsmore.com; Amelia Caramadre <amelia@kaplangrady.com>; Adam Smith <adam@kaplangrady.com>; Alexandra Gergova <alexandra@kaplangrady.com>
**Subject:** RE: Complaint

Nothing attached.

**David G. Thomas**
Shareholder

Greenberg Traurig, LLP
One International Place | Suite 2000 | Boston, MA 02110

T +1 617.310.6040 | F +1 617.897.0940 | C +1 781.267.9614
David.Thomas@gtlaw.com | www.gtlaw.com | View GT Biography

**David G. Thomas**
Shareholder

---

**From:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>
**Sent:** Wednesday, December 4, 2024 11:17 AM
**To:** Howard Kaplan <howard@kaplangrady.com>; Lampert, Thomas F <Thomas.Lampert@wilmerhale.com>
**Cc:** Jed Glickstein <jglickstein@kaplangrady.com>; Sarah Grady <sarah@kaplangrady.com>; Benjamin Elga <belga@justicecatalyst.org>; Janet Herold <jherold@justicecatalyst.org>; Thomas, David G. (Shld-Bos-LT) <David.Thomas@gtlaw.com>; javier.flores@dinsmore.com; Amelia Caramadre <amelia@kaplangrady.com>; Adam Smith <adam@kaplangrady.com>; Alexandra Gergova <alexandra@kaplangrady.com>
**Subject:** Complaint

**\*EXTERNAL TO GT\***

Counsel,

Please send a copy of the complaint, that has already been shared with the Boston Globe and other media, immediately.

Felicia

**Felicia H. Ellsworth | WilmerHale**
she/her/hers
60 State Street
Boston, MA 02109 USA
+1 617 526 6687 (t)
+1 617 501 5676 (c)
felicia.ellsworth@wilmerhale.com

**One Firm. One Legacy.**
WilmerHale celebrates the twentieth anniversary since the merger.

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

| **Summons** | CIVIL DOCKET NO.<br><br>2484CV03147 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br><br>S.C., by her parent and next friend Karrie Conley et al.<br><br>Plaintiff(s)<br><br>vs.<br><br>Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing et al.<br><br>Defendant(s) | John E. Powers III          Acting<br>Clerk of Courts<br>Suffolk                      County |
|---|---|
| | COURT NAME & ADDRESS:<br>Suffolk Superior Civil Court<br>Three Pemberton Square<br>Boston, MA. 02108 |

THIS SUMMONS IS DIRECTED TO    RWPN, LLC, d/b/a The Reading & Writing Project at Mossflower, LLC  (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the                    Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business,                    Court
                                  (address), by mail, in person, or electronically through
      the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

   b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5. Required Information on All Filings.

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti _____ , Chief Justice on _____ , 20 ____ . (Seal)

Acting Clerk

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

---

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____     Signature: _____

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

| **Summons** | CIVIL DOCKET NO.<br>2484CV03147 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME: | |
|---|---|
| S.C., by her parent and next friend Karrie Conley et al.<br><div align="right">Plaintiff(s)</div><br><div align="center">vs.</div><br>Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing et al.<br><div align="right">Defendant(s)</div> | John E. Powers III     Acting<br>Suffolk     Clerk of Courts<br>         County<br><br>COURT NAME & ADDRESS:<br>Suffolk Superior Civil Court<br>Three Pemberton Square<br>Boston, MA. 02108 |

THIS SUMMONS IS DIRECTED TO _____Lucy Calkins_____ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the _____ Court.

<div align="center"><b>YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.</b></div>

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

    b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address: _____

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

58

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

<div align="center">

www.mass.gov/law-library/massachusetts-superior-court-rules

</div>

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. _Michael D. Ricciuti_____ , Chief Justice on _____ , 20 ____ . (Seal)

Acting Clerk

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

<div align="center">

PROOF OF SERVICE OF PROCESS

</div>

---

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint

in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____              Signature: _____

**N.B.    TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

| **Summons** | CIVIL DOCKET NO. | **Trial Court of Massachusetts** |
|---|---|---|
| | 2484CV03147 | **The Superior Court** |

CASE NAME:

S.C., by her parent and next friend Karrie Conley et al.

Plaintiff(s)

vs.

Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing et al.

Defendant(s)

John E. Powers III    Acting Clerk of Courts

Suffolk    County

COURT NAME & ADDRESS:
Suffolk Superior Civil Court
Three Pemberton Square
Boston, MA. 02108

THIS SUMMONS IS DIRECTED TO ___RWPN, LLC, d/b/a The Reading & Writing Project at Mossflower, LLC___ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

60

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti _____ , Chief Justice on _____ , 20___ . (Seal)

Acting Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____        Signature: _____

I, David G. Thomas, as counsel for RWPN, LLC, accept service of this Summons and associated Complaint, on behalf of RWPN, LLC, on December 20, 2024.  /s/ David G. Thomas (MA BBO # 640854)

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

| **Summons** | CIVIL DOCKET NO.<br><br>2484CV03147 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br><br>S.C., by her parent and next friend Karrie Conley et al.<br><center>Plaintiff(s)</center><br><center>vs.</center><br><br>Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing et al.<br><center>Defendant(s)</center> | John E. Powers III          Acting<br>                            Clerk of Courts<br>Suffolk                     County<br><br>COURT NAME & ADDRESS:<br>Suffolk Superior Civil Court<br>Three Pemberton Square<br>Boston, MA. 02108 |
|---|---|

THIS SUMMONS IS DIRECTED TO _____ Lucy Calkins _____ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the _____ Court.

<center>**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**</center>

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court

                 (address), by mail, in person, or electronically through

    the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

    b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

<div align="right">62</div>

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti , Chief Justice on _____ , 20____ . (Seal)

Acting Clerk

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____        Signature: _____

I, David G. Thomas, as counsel for Lucy Calkins, accept service of this Summons and associated Complaint, on behalf of Lucy Calkins, on December 20, 2024. /s/ *David G. Thomas* (MA BBO # 640854)

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date: _____

# Fountas and Pinnell, LLC;

# Irene C. Fountas;

# Gay Su Pinnell

## Flores, Javier

| | |
|---|---|
| **From:** | Flores, Javier |
| **Sent:** | Monday, December 30, 2024 9:58 AM |
| **To:** | 'Amelia Caramadre' |
| **Cc:** | howard@kaplangrady.com; sarah@kaplangrady.com; jglickstein@kaplangrady.com; adam@kaplangrady.com; alexandra@kaplangrady.com |
| **Subject:** | RE: Complaint |
| **Attachments:** | Summons - Fountas and Pinnell LLC - Signed.pdf |

Hi Amelia,

I hope you had a great Christmas.  Enclosed is the executed summons for Fountas & Pinnell LLC.

Thanks.

Javier



**Javier F. Flores**
Office Managing Partner
Dinsmore & Shohl LLP  •  Legal Counsel
101 Arch Street, Suite 1800, Boston, MA 02110
T (857) 305-6383  •  F (857) 305-6401

**From:** Amelia Caramadre <amelia@kaplangrady.com>
**Sent:** Monday, December 23, 2024 10:26 AM
**To:** Flores, Javier <Javier.Flores@DINSMORE.COM>
**Cc:** howard@kaplangrady.com; sarah@kaplangrady.com; jglickstein@kaplangrady.com; adam@kaplangrady.com; alexandra@kaplangrady.com
**Subject:** Re: Complaint

Thanks, Javier. We will await your update related to the LLC.

Happy holidays!
Amelia

Amelia Caramadre
**KAPLAN & GRADY**
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
T: (312) 815-2684
amelia@kaplangrady.com
kaplangrady.com

On Fri, Dec 20, 2024 at 3:17 PM Flores, Javier <Javier.Flores@dinsmore.com> wrote:

Amelia,

Enclosed are the executed summonses for Irene Fountas & Gay Su Pinnell.   I am still waiting for approval with respect to Fountas & Pinnell LLC, but hope to have that ironed out by next week.  Thanks.

Javier



**Javier F. Flores**
Office Managing Partner
Dinsmore & Shohl LLP  •  Legal Counsel
101 Arch Street, Suite 1800, Boston, MA 02110
**T** (857) 305-6383  •  **F** (857) 305-6401

**From:** Amelia Caramadre <amelia@kaplangrady.com>
**Sent:** Friday, December 20, 2024 11:32 AM
**To:** Flores, Javier <Javier.Flores@DINSMORE.COM>
**Cc:** howard@kaplangrady.com; sarah@kaplangrady.com; jglickstein@kaplangrady.com; adam@kaplangrady.com; alexandra@kaplangrady.com
**Subject:** Re: Complaint

Javier:

Please see the summonses for your clients attached.

Thanks,

Amelia

Amelia Caramadre

**KAPLAN & GRADY**

2071 N. Southport Ave., Ste. 205

Chicago, IL 60614

T: (312) 815-2684

amelia@kaplangrady.com

kaplangrady.com

On Tue, Dec 17, 2024 at 1:30 PM Amelia Caramadre <amelia@kaplangrady.com> wrote:

Hi Javier,

I am confirming that we will send the summonses as soon as we have them.


Thanks,

Amelia


Amelia Caramadre

**KAPLAN & GRADY**

2071 N. Southport Ave., Ste. 205

Chicago, IL 60614

T: (312) 815-2684

amelia@kaplangrady.com

kaplangrady.com


On Tue, Dec 17, 2024 at 12:15 PM Flores, Javier <Javier.Flores@dinsmore.com> wrote:

Amelia,


Can you confirm that you will be sending the summonses for each our respective clients to be executed by counsel on their behalf?  We do not consider service complete until we have provided executed copies, which we can generally agree to turn before COB, absent any logistical issues.


Thanks.

Javier


**Javier F. Flores**
Office Managing Partner
Dinsmore & Shohl LLP • Legal Counsel
101 Arch Street, Suite 1800, Boston, MA 02110
**T** (857) 305-6383 • **F** (857) 305-6401

---

**From:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>
**Sent:** Tuesday, December 10, 2024 4:08 PM
**To:** David.Thomas@gtlaw.com; amelia@kaplangrady.com
**Cc:** Flores, Javier <Javier.Flores@DINSMORE.COM>; Lampert, Thomas F
<Thomas.Lampert@wilmerhale.com>; howard@kaplangrady.com; sarah@kaplangrady.com;
jglickstein@kaplangrady.com; belga@justicecatalyst.org; jherold@justicecatalyst.org;
adam@kaplangrady.com; alexandra@kaplangrady.com
**Subject:** RE: Complaint


I can accept service on behalf of Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing, and
HMH Education Co. based on the same understanding.  No objection to PHVs.  Thank you.


**Felicia H. Ellsworth | WilmerHale**
she/her/hers
60 State Street
Boston, MA 02109 USA
+1 617 526 6687 (t)
+1 617 501 5676 (c)
felicia.ellsworth@wilmerhale.com


  **One Firm. One Legacy.**
WilmerHale celebrates the twentieth anniversary since the merger.

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you
are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and
destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

---

**From:** David.Thomas@gtlaw.com <David.Thomas@gtlaw.com>
**Sent:** Tuesday, December 10, 2024 12:36 PM

4

**To:** amelia@kaplangrady.com
**Cc:** Javier.Flores@dinsmore.com; Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>; Lampert, Thomas F <Thomas.Lampert@wilmerhale.com>; howard@kaplangrady.com; sarah@kaplangrady.com; jglickstein@kaplangrady.com; belga@justicecatalyst.org; jherold@justicecatalyst.org; adam@kaplangrady.com; alexandra@kaplangrady.com
**Subject:** RE: Complaint

**EXTERNAL SENDER**

Amelia,

Thank you. The tracking order deadline is a placeholder date for the clerk to check the docket to determine if a default should enter. It does not alter the response time provided by Rule 12. We intend to submit a response to the complaint by January 17, 2025. Thank you for agreeing to our request for an extension of time. If we need additional time, we will let you know. We will accept service. Please send me a copy of the summonses for Dr. Calkins and RWPN, LLC. I will execute our acceptance on both and return them to you for filing. We do not oppose the pro hac vice requests.

Sincerely,

David

**David G. Thomas**
Shareholder

Greenberg Traurig, LLP
One International Place | Suite 2000 | Boston, MA 02110
T +1 617.310.6040 | F +1 617.897.0940 | C +1 781.267.9614
David.Thomas@gtlaw.com | www.gtlaw.com | View GT Biography

Albany. Amsterdam. Atlanta. Austin. Boston. Berlin*. Charlotte. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Kingdom of Saudi Arabia*. Las Vegas. London*. Long Island. Los Angeles. Mexico City*. Miami. Milan*. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Portland. Sacramento. Salt Lake City. San Diego. San Francisco. São Paulo*. Seoul*. Shanghai. Silicon Valley. Singapore*. Tallahassee. Tampa. Tel Aviv*. Tokyo*. United Arab Emirates*. Warsaw*. Washington, D.C. West Palm Beach. Westchester County.

*Berlin: Greenberg Traurig's Berlin Office is operated by Greenberg Traurig Germany, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP.; Kingdom of Saudi Arabia: Operates through Greenberg Traurig Khalid Al-Thebity Law Firm; London: Operates as a separate UK registered legal entity; Mexico City: Operates as Greenberg Traurig, S.C.; Milan: Greenberg Traurig's Milan office is operated by Greenberg Traurig Santa Maria, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; *São Paulo: Operates as Greenberg Traurig Brazil Consultores em Direito Estrangeiro – Direito Estadunidense, incorporated in Brazil as a foreign legal consulting firm; *Seoul: Operated by Greenberg Traurig LLP Foreign Legal Consultant Office; Singapore: Greenberg Traurig's Singapore office is operated by Greenberg Traurig Singapore LLP which is licensed as a foreign law practice in Singapore; Tel Aviv: A branch of Greenberg Traurig, P.A., Florida, USA; Tokyo: Greenberg Traurig's Tokyo Office is operated by GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubengoshi Jimusho, affiliates of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; United Arab Emirates: Operates as Greenberg Traurig Limited; Warsaw: Operates as GREENBERG TRAURIG Nowakowska-Zimoch Wysokiński sp.k.

**From:** Amelia Caramadre <amelia@kaplangrady.com>
**Sent:** Monday, December 9, 2024 5:58 PM
**To:** Thomas, David G. (Shld-Bos-LT) <David.Thomas@gtlaw.com>
**Cc:** Javier.Flores@dinsmore.com; Felicia.Ellsworth@wilmerhale.com; Thomas.Lampert@wilmerhale.com; howard@kaplangrady.com; sarah@kaplangrady.com; jglickstein@kaplangrady.com; belga@justicecatalyst.org; jherold@justicecatalyst.org; adam@kaplangrady.com; alexandra@kaplangrady.com
**Subject:** Re: Complaint


Felicia, Javier, and David:


We would have no objection to that extension; however, we understand that this tracking order (attached) controls the schedule and gives you until April 3rd to respond. Please let us know if you have a different understanding about that, and please confirm that you are accepting service for your clients.


Also, we intend to move for pro hac vice admissions for attorneys Sarah Grady, Adam Smith, Jed Glickstein, and Howard Kaplan. Mass. Super. Ct. R. 9c(a) requires us to note your position. Please let us know if you oppose.


Thanks!

Amelia




Amelia Caramadre

**KAPLAN & GRADY**

2071 N. Southport Ave., Ste. 205

Chicago, IL 60614

T: (312) 815-2684

amelia@kaplangrady.com

kaplangrady.com

On Fri, Dec 6, 2024 at 5:19 PM <David.Thomas@gtlaw.com> wrote:

Any we, on behalf of Lucy Calkins and the RWPN LLC, also agree to accept service of the complaint in exchange for an extension of time to respond to the complaint to January 17, 2025.

**David G. Thomas**
Shareholder

Greenberg Traurig, LLP
One International Place | Suite 2000 | Boston, MA 02110
T +1 617.310.6040 | F +1 617.897.0940 | C +1 781.267.9614
David.Thomas@gtlaw.com | www.gtlaw.com | View GT Biography

**David G. Thomas**
Shareholder

---

**From:** Flores, Javier <Javier.Flores@DINSMORE.COM>
**Sent:** Friday, December 6, 2024 5:16 PM
**To:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>; Amelia Caramadre <amelia@kaplangrady.com>; Thomas, David G. (Shld-Bos-LT) <David.Thomas@gtlaw.com>; Lampert, Thomas F <Thomas.Lampert@wilmerhale.com>
**Cc:** howard@kaplangrady.com; Sarah Grady <sarah@kaplangrady.com>; jglickstein@kaplangrady.com; belga@justicecatalyst.org; jherold@justicecatalyst.org; adam@kaplangrady.com; alexandra@kaplangrady.com
**Subject:** RE: Complaint

Amelia,

On behalf of Irene Fountas, Gay Su Pinnell and Fountas & Pinnell, LLC, we can also agree to accept service of the complaint in exchange for an agreed extension until January 17, 2025 to file responsive pleadings.

Have a nice weekend.  Regards.

Javier

**Javier F. Flores**
Office Managing Partner
Dinsmore & Shohl LLP  •  Legal Counsel
101 Arch Street, Suite 1800, Boston, MA 02110
**T** (857) 305-6383  •  **F** (857) 305-6401

---

**From:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>
**Sent:** Friday, December 6, 2024 4:42 PM
**To:** Amelia Caramadre <amelia@kaplangrady.com>; david.thomas@gtlaw.com; Flores, Javier <Javier.Flores@DINSMORE.COM>; Lampert, Thomas F <Thomas.Lampert@wilmerhale.com>
**Cc:** howard@kaplangrady.com; Sarah Grady <sarah@kaplangrady.com>; jglickstein@kaplangrady.com; belga@justicecatalyst.org; jherold@justicecatalyst.org; adam@kaplangrady.com; alexandra@kaplangrady.com
**Subject:** RE: Complaint

Counsel,

We are willing to accept service of the complaint on behalf of Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing, and HMH Education Co., so long as Plaintiffs agree to extend the Defendants' time to respond to the complaint to January 17, 2025.

Please confirm Plaintiffs' agree.

Thank you,

Felicia

**Felicia H. Ellsworth | WilmerHale**
she/her/hers
60 State Street
Boston, MA 02109 USA
+1 617 526 6687 (t)
+1 617 501 5676 (c)
felicia.ellsworth@wilmerhale.com

**One Firm. One Legacy.**
WilmerHale celebrates the twentieth anniversary since the merger.

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

---

**From:** Amelia Caramadre <amelia@kaplangrady.com>
**Sent:** Wednesday, December 4, 2024 4:10 PM
**To:** david.thomas@gtlaw.com; Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>; javier.flores@dinsmore.com; Lampert, Thomas F <Thomas.Lampert@wilmerhale.com>
**Cc:** howard@kaplangrady.com; Sarah Grady <sarah@kaplangrady.com>; jglickstein@kaplangrady.com; belga@justicecatalyst.org; jherold@justicecatalyst.org; adam@kaplangrady.com; alexandra@kaplangrady.com
**Subject:** Re: Complaint

**EXTERNAL SENDER**

With the attachment this time!

Amelia Caramadre

**KAPLAN & GRADY**

2071 N. Southport Ave., Ste. 205

Chicago, IL 60614

T: (312) 815-2684

amelia@kaplangrady.com

kaplangrady.com

9

On Wed, Dec 4, 2024 at 3:09 PM Amelia Caramadre <amelia@kaplangrady.com> wrote:

Good afternoon, Counsel:

Here is the file-stamped copy of the complaint. Can each of you please let us know if you will accept service on behalf of your respective client(s).

Thanks!

Amelia Caramadre

**KAPLAN & GRADY**

2071 N. Southport Ave., Ste. 205

Chicago, IL 60614

T: (312) 815-2684

amelia@kaplangrady.com

kaplangrady.com

On Wed, Dec 4, 2024 at 11:07 AM Sarah Grady <sarah@kaplangrady.com> wrote:

Counsel:

We were waiting to send you a file-stamped copy but we are happy to send you the Complaint as we work to finalize the filing process. It is attached.

Sarah

Sarah Grady

**KAPLAN & GRADY**

2071 N. Southport Ave., Ste. 205

Chicago, IL 60614

312.852.2184

sarah@kaplangrady.com

kaplangrady.com

Pronouns: she/hers

On Wed, Dec 4, 2024 at 10:38 AM <David.Thomas@gtlaw.com> wrote:

Sorry all.  I read Felicia email too quickly obviously.  We would like a copy of the pleading as well of course.

**David G. Thomas**
Shareholder

Greenberg Traurig, LLP
One International Place | Suite 2000 | Boston, MA 02110
T +1 617.310.6040  |  F +1 617.897.0940  |  C +1 781.267.9614
David.Thomas@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

**David G. Thomas**
Shareholder

**From:** Thomas, David G. (Shld-Bos-LT)
**Sent:** Wednesday, December 4, 2024 11:29 AM
**To:** 'Ellsworth, Felicia H' <Felicia.Ellsworth@wilmerhale.com>; Howard Kaplan <howard@kaplangrady.com>; Lampert, Thomas F <Thomas.Lampert@wilmerhale.com>
**Cc:** Jed Glickstein <jglickstein@kaplangrady.com>; Sarah Grady <sarah@kaplangrady.com>; Benjamin Elga <belga@justicecatalyst.org>; Janet Herold <jherold@justicecatalyst.org>; javier.flores@dinsmore.com; Amelia Caramadre <amelia@kaplangrady.com>; Adam Smith <adam@kaplangrady.com>; Alexandra Gergova <alexandra@kaplangrady.com>
**Subject:** RE: Complaint

Nothing attached.

**David G. Thomas**
Shareholder

Greenberg Traurig, LLP
One International Place | Suite 2000 | Boston, MA 02110
T +1 617.310.6040 | F +1 617.897.0940 | C +1 781.267.9614
David.Thomas@gtlaw.com | www.gtlaw.com | View GT Biography

**David G. Thomas**
Shareholder

---

**From:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>
**Sent:** Wednesday, December 4, 2024 11:17 AM
**To:** Howard Kaplan <howard@kaplangrady.com>; Lampert, Thomas F
<Thomas.Lampert@wilmerhale.com>
**Cc:** Jed Glickstein <jglickstein@kaplangrady.com>; Sarah Grady <sarah@kaplangrady.com>; Benjamin
Elga <belga@justicecatalyst.org>; Janet Herold <jherold@justicecatalyst.org>; Thomas, David G. (Shld-
Bos-LT) <David.Thomas@gtlaw.com>; javier.flores@dinsmore.com; Amelia Caramadre
<amelia@kaplangrady.com>; Adam Smith <adam@kaplangrady.com>; Alexandra Gergova
<alexandra@kaplangrady.com>
**Subject:** Complaint


**\*EXTERNAL TO GT\***

Counsel,


Please send a copy of the complaint, that has already been shared with the Boston Globe and other
media, immediately.


Felicia

**Felicia H. Ellsworth | WilmerHale**
she/her/hers
60 State Street
Boston, MA 02109 USA
+1 617 526 6687 (t)
+1 617 501 5676 (c)
felicia.ellsworth@wilmerhale.com

**One Firm. One Legacy.**
WilmerHale celebrates the twentieth anniversary since the merger.

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

| **Summons** | CIVIL DOCKET NO.<br><br>2484CV03147 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

CASE NAME:

S.C., by her parent and next friend Karrie Conley et al.

<div align="right">Plaintiff(s)</div>

vs.

Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing et al.

<div align="right">Defendant(s)</div>

John E. Powers III Suffolk

Acting Clerk of Courts

County

COURT NAME & ADDRESS:

Suffolk Superior Civil Court
Three Pemberton Square
Boston, MA. 02108

THIS SUMMONS IS DIRECTED TO ___Fountas and Pinnell, LLC___ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the _____ Court.

<div align="center"><b>YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.</b></div>

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

<div align="right">78</div>

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti _____, Chief Justice on _____, 20____ . (Seal)

Acting Clerk

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____          Signature: _____

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date: _____

| **Summons** | CIVIL DOCKET NO.<br><br>2484CV03147 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br><br>S.C., by her parent and next friend Karrie Conley et al.<br><br><div align="right">Plaintiff(s)</div><br>vs.<br><br>Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing et al.<br><div align="right">Defendant(s)</div> | John E. Powers III<br>Suffolk | <span>Acting</span><br>Clerk of Courts<br><br>County |
|---|---|---|
| | COURT NAME & ADDRESS:<br>Suffolk Superior Civil Court<br>Three Pemberton Square<br>Boston, MA. 02108 | |

THIS SUMMONS IS DIRECTED TO _____ Irene Fountas _____ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

80

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. _Michael D. Ricciuti_ , Chief Justice on _____ , 20 ____ . (Seal)

Acting Clerk

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____                    Signature: _____

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date: _____

| **Summons** | CIVIL DOCKET NO.<br><br>2484CV03147 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

CASE NAME:

S.C., by her parent and next friend Karrie Conley et al.

<div align="right">Plaintiff(s)</div>

vs.

Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing et al.

<div align="right">Defendant(s)</div>

John E. Powers III
Suffolk

Acting
Clerk of Courts
County

COURT NAME & ADDRESS:
Suffolk Superior Civil Court
Three Pemberton Square
Boston, MA. 02108

---

THIS SUMMONS IS DIRECTED TO _____ Gay Su Pinnell _____ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the                    Court.

<div align="center"><b>YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.</b></div>

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business,                    Court

(address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

82

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. _Michael D. Ricciuti_____ , Chief Justice on _____ , 20 ____ . (Seal)

Acting Clerk

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____          Signature: _____

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

| **Summons** | CIVIL DOCKET NO.<br><br>2484CV03147 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br><br>S.C., by her parent and next friend Karrie Conley et al.<br><br><div align="right">Plaintiff(s)</div><br><div align="center">vs.</div><br><br>Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing et al.<br><br><div align="right">Defendant(s)</div> | John E. Powers III   <span>Acting<br>Clerk of Courts</span><br>Suffolk                County<br><br>COURT NAME & ADDRESS:<br>Suffolk Superior Civil Court<br>Three Pemberton Square<br>Boston, MA. 02108 |
|---|---|

THIS SUMMONS IS DIRECTED TO _____Fountas and Pinnell, LLC_____ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the                    Court.

<div align="center"><b>YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.</b></div>

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business,                    Court (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. _Michael D. Ricciuti_____, Chief Justice on _____, 20_____ . (Seal)

Acting Clerk

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____ _Javier Flores as Counsel for Fountas and Pinnell , LLC_ _____

_____

Dated: _12/30/2024____       Signature: _____

**N.B.  TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date: _____

| Summons | CIVIL DOCKET NO.<br>2484CV03147 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

CASE NAME:

S.C., by her parent and next friend Karrie Conley et al.

*Plaintiff(s)*

vs.

Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing et al.

*Defendant(s)*

John E. Powers III
Suffolk

Acting
Clerk of Courts
County

COURT NAME & ADDRESS:
Suffolk Superior Civil Court
Three Pemberton Square
Boston, MA. 02108

THIS SUMMONS IS DIRECTED TO _____ Irene Fountas _____ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the                    Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business,                    Court (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

86

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. <u>Michael D. Ricciuti</u> , Chief Justice on _____ , 20____ . (Seal)

Acting Clerk _____

> **Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

---

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_Javier Flores as consel for Irene Fantas_

Dated: _12/20/24_          Signature: _____

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

rev. 1/2023

| | CIVIL DOCKET NO. | **Trial Court of Massachusetts** |
|---|---|---|
| **Summons** | 2484CV03147 | **The Superior Court** |

| CASE NAME: | John E. Powers III | Acting Clerk of Courts |
|---|---|---|
| S.C., by her parent and next friend Karrie Conley et al. | Suffolk | County |
| Plaintiff(s) | COURT NAME & ADDRESS: | |
| vs. | Suffolk Superior Civil Court | |
| Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing et al. | Three Pemberton Square | |
| | Boston, MA. 02108 | |
| Defendant(s) | | |

THIS SUMMONS IS DIRECTED TO _____ Gay Su Pinnell _____ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the                                    Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business,                          Court

                                    (address), by mail, in person, or electronically through

        the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

    b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

88

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti _____ , Chief Justice on _____ , 20 ____ . (Seal)

Acting Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

Javier Flores as counsel for Gay Su Pinnell

Dated: 12/20/24                    Signature: _____

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

rev. 1/2023