IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| S.C., by her parent and next friend KARRIE CONLEY; K.C., by her parent and next friend KARRIE CONLEY; and R.H., by his parent and next friend MICHELE HUDAK, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>LUCY CALKINS; IRENE FOUNTAS; GAY SU PINNELL; RWPN, LLC, d/b/a THE READING & WRITING PROJECT AT MOSSFLOWER, LLC; BOARD OF TRUSTEES OF TEACHERS COLLEGE, COLUMBIA UNIVERSITY; FOUNTAS AND PINNELL, LLC; GREENWOOD PUBLISHING GROUP, LLC, d/b/a HEINEMANN PUBLISHING; and HMH EDUCATION CO.,<br><br>        Defendants. | Case No. 1:25-cv-10007 |

**DEFENDANTS LUCY CALKINS; IRENE FOUNTAS; GAY SU PINNELL; RWPN, LLC, d/b/a THE READING & WRITING PROJECT AT MOSSFLOWER, LLC; FOUNTAS AND PINNELL, LLC; GREENWOOD PUBLISHING GROUP, LLC, d/b/a HEINEMANN PUBLISHING; and HMH EDUCATION COMPANY'S <u>MOTION TO DISMISS THE AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS</u>**

Defendants[1] hereby move to dismiss this action in its entirety pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), move to dismiss the claims against Defendants HMH Education Company, Fountas and Pinnell, LLC, Mossflower, and Calkins, Fountas, and Pinnell under Rule 12(b)(6), and, in the alternative, move to strike Plaintiffs' class allegations under Rule 12(f). The grounds for this motion, which are explained in detail in the accompanying Memorandum of Law, include the following:

1. The Court should dismiss Plaintiffs' Mass. Gen. Laws ch. 93A ("Chapter 93A"), negligence, and Mass. Gen. L. ch. 266, § 91 ("false advertising") claims under Rule 12(b)(6) because the claims impermissibly call for the district court to evaluate the quality or sufficiency of an educational program or curriculum.

2. The Court should dismiss Plaintiffs' Chapter 93A, negligence, and false advertising claims under Federal Rules of Civil Procedure 9(b) and 12(b)(6) because the allegations sound in fraud, but do not comply with the special pleading requirements of Rule 9(b).

3. The Court should dismiss Plaintiffs' Chapter 93A claim under Rule 12(b)(6) because Plaintiffs do not plausibly allege unfair or deceptive conduct, causation, or injury; nor do they plausibly allege the requisite commercial relationship.

4. The Court should dismiss Plaintiffs' negligence claim under Rule 12(b)(6) because Plaintiffs do not plausibly allege that they relied on any purported statements by

---

[1] Lucy Calkins ("Calkins"); Irene Fountas ("Fountas"); Gay Su Pinnell ("Pinnell"); RWPN, LLC, d/b/a The Reading & Writing Project at Mossflower, LLC ("Mossflower"); Fountas and Pinnell, LLC ("F&P LLC"); Greenwood Publishing Group, LLC, d/b/a Heinemann Publishing ("Heinemann"); and HMH Education Company ("HMH").

1

Defendants; their claims are barred by the economic loss doctrine; and they have not sufficiently pleaded that Defendants' conduct caused them injury.

5. The Court should dismiss Plaintiffs' false advertising claim under Rule 12(b) for the same reasons it should dismiss their Chapter 93A claim.

6. The Court should dismiss Defendants HMH Education Company, Fountas and Pinnell, LLC, and Mossflower, as well as Calkins, Fountas, and Pinnell, under Rule 12(b)(6) where no plausible claim has been stated as to them in particular.

7. In the alternative, the Court should strike Plaintiffs' class allegations under Rule 12(f) because Plaintiffs are not members of their proposed class, the class is not ascertainable, and Plaintiffs cannot satisfy the predominance requirement of Rule 23(b)(3).

8. In support of this Motion, Defendants submit the accompanying Memorandum of Law and the Declaration of Felicia H. Ellsworth.

Wherefore, Defendants respectfully request that the Court dismiss this action in its entirety with prejudice and, in the alternative, strike Plaintiffs' class action demands.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendants respectfully request oral argument on this Motion.

Dated: April 8, 2025                  Respectfully submitted,

                                 */s/ Felicia H. Ellsworth*
FELICIA H. ELLSWORTH (BBO # 665232)
ANDY O'LAUGHLIN (BBO # 691836)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
Felicia.Ellsworth@wilmerhale.com
Andy.Olaughlin@wilmerhale.com
*Counsel for Greenwood Publishing Group, LLC; HMH Education Company*

*/s/ David Thomas*
DAVID THOMAS (BBO # 640854)
GREENBERG TRAURIG, LLP
1 International Pl #2000
Boston, MA 02110
Tel: (617) 310-6040
Fax: (617) 897-0940
David.Thomas@gtlaw.com
*Counsel for RWPN, LLC;*
*Lucy Calkins in her personal capacity*

*/s/ Javier F. Flores*
JAVIER F. FLORES (BBO # 666089)
DINSMORE & SHOL, LLP
101 Arch Street, Suite 1800
Boston, MA 02110
Tel: (857) 305-6383
Fax: (857) 305-6401
Javier.Flores@dinsmore.com
*Counsel for Fountas and Pinnell, LLC;*
*Irene C. Fountas in her personal capacity;*
*Gay Su Pinnell in her personal capacity*

3

## LOCAL RULE 7.1 CERTIFICATION

I, Felicia H. Ellsworth, certify that on April 8, 2025, the parties conferred in good faith to resolve or narrow the issue presented by this motion and were unable to resolve or narrow the issues.

/s/ *Felicia H. Ellsworth*
Felicia H. Ellsworth

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of April, 2025, I caused this document to be filed through the CM/ECF system, where it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Felicia H. Ellsworth*
Felicia H. Ellsworth